THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERNARD PHILIP HATCH, Appellant.— Motion for reargument granted and upon reargument sentence modified in accordance with the memorandum. Cross motion denied. Memorandum: It now appears that the provision of the judgment of conviction which purported to sentence defendant on the abduction count of the indictment to an indeterminate term of not less than one year and not more than 10 years was not the sentence which had in fact been imposed upon defendant. Such sentence rendered on August 3, 1964 was for a term of 10 years. On the following day after defendant had been taken to Attica State Prison, a prison clerk informed the Sheriff of Herkimer County that the sentence did not comply with the law. After this information reached the Trial Judge and the Court Clerk the Judge instructed the Clerk to alter the signed record by adding thereto the words " an indeterminate term of not less than one year or more than " 10 years to run concurrently with the other sentences then pronounced. Such attempted change is a nullity, leaving only the original 10-year sentence on the record. Such sentence is improper. The maximum sentence which may be imposed for the crime of abduction is 10 years. (Penal Law, § 70.) Defendant had not previously been convicted of a crime punishable by imprisonment in a State prison. He should have been sentenced to an indeterminate term the minimum of which could not be more than one half the 10-year maximum. (Penal Law, § 2189.) The sentence of five to seven years imposed for illegal possession of a loaded weapon is also contrary to the requirements of section 2189 of the Penal Law. The maximum term for that offense is seven years. (Penal Law, § 1897, subd. 2; § 1935.) The minimum term could not be more than 3½ years. In modifying the abduction sentence we impose the same sentence that the trial court ineffectively attempted to impose of not less than one nor more than 10 years. We modify the weapons count sentence to a term of not less than 3½ nor more than seven years, and retain the provision in the judgment that the sentences shall run concurrently. Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.

MAUDE K. HAYES, Appellant, v. UTICA MUTUAL INSURANCE COMPANY et al., Respondents.— Motion to dismiss appeal denied. Memorandum: The notice of appeal from the order granting the preference of this action did not automatically grant a stay of the trial, nor is the order to be entered herein to be considered as a stay.

MID-ATLANTIC CONSTRUCTION CORP., Plaintiff, v. NEW HARTFORD PLAZA, INC., et al., Defendants.— Motion to dismiss appeal denied as premature. See rule V of the Rules of this court.