## MORGAN *v.* THE STATE.

1. Where two indictments were found against the accused at the same term of the court, one charging him with carrying a concealed pistol on a given date, in the presence of A, and the other charging him with carrying a concealed pistol, on a different date, in the presence of B, prima facie each indictment charged a separate and distinct offense from the one charged in the other.

2. Therefore a conviction under the one charging the offense to have been committed in the presence of A was no bar to a prosecution under the one charging such an offense to have been committed in the presence of B, unless it appeared, from the evidence, that the charges referred to the same transaction, or that A was present during the same carrying of the pistol concealed, which occurred in the presence of B.

3. A person may commit but one offense of carrying a weapon concealed upon his person, although he carries it thus concealed from place to place and in the presence of different people at the different places; but whenever the continuity of the act constituting the offense is broken, that particular offense is at an end, and another like offense is committed when the weapon is again concealed by him upon his person.

4. The evidence submitted failed to sustain the plea of former conviction, and there was, therefore, no error in finding against such plea.

Argued December 21, 1903. — Decided May 10, 1904.

Indictment for carrying concealed weapon. Before Judge Fite. Whitfield superior court. November 13, 1903.

*W. E. Mann* and *R. J. & J. McCamy*, for plaintiff in error. *Samuel P. Maddox, solicitor-general*, contra.

FISH, P. J. At the April term, 1902, of the superior court of Whitfield county, two indictments were returned against W. M. F. Morgan. In one he was charged with having and carrying about his person a concealed pistol, in said county, on December 25, 1901, "in the presence of Deering Hughes." The other indictment charged that on December 26, 1901, he carried about his person a concealed pistol "in the presence of T. L. Ballinger, Lonis Roy, E. E. Whittle, Charlie Roberts, and Bob King."

At the October term, 1902, the accused was tried and convicted under the last-mentioned indictment. On the call of the case based on the first-mentioned indictment, at the October term, 1903, the accused filed a plea of former conviction, with the usual allegations, and having attached thereto a copy of the record in the case in which he had been convicted. By consent the issue made by this plea was submitted to the court for trial upon the follow-

ing agreed statement of facts: "The defendant had a pistol con-cealed in his pocket on the day charged in the indictment, in the presence of the person named in the present bill of indictment, when the pistol fell out of his pocket, and he picked it up and put it back in his pocket. A short while thereafter he left and went to his home in the little town of Cohutta, where he is charged in both indictments with carrying a pistol. On the trial of the case pleaded in bar it was shown that defendant, after coming into his house, took the pistol out of his pocket after he arrived at home and laid it upon the mantel in the presence of other witnesses, sat by the fire and talked with those present, including the State's witnesses, put the pistol in his pocket and went out with it. All of this was done in the same day and within an hour or two of the same time." It was further agreed that should the plea be sustained by the court, the case then on trial should be dismissed; and if the judgment of the court should be against the plea, then the accused might take the case to the Supreme Court. The court found against the plea and the accused excepted.

1. An indictment for carrying a concealed pistol may charge the commission of the offense in general terms, and be good. In such a case, the State may prove the commission of the offense at any time within two years next preceding the finding of the indictment, but the accused will be protected from any other prosecution for having carried a pistol concealed about his person within that period. *McWilliams* v. *State*, 110 *Ga.* 290, and cit. If, however, in an indictment for carrying a concealed pistol the descriptive averments are so specific as to charge a distinct carrying of a concealed pistol on a particular occasion, then the State is confined to proof of the specific offense therein charged, and in such a case the accused would not be put in jeopardy of being convicted for having carried a pistol concealed, at another time and under different circumstances, within two years prior to the finding of the indictment. The main question in this case is, whether the descriptive averments in each of these indictments were sufficiently specific to charge a separate and distinct offense from that charged in the other. We think they were. It has been several times held by this court that an indictment for the unlawful sale of spirituous liquor need not allege the name of the person to whom the liquor is charged to have been sold. *Newman* v. *State*, 101

*Ga.* 534, and cit.    Where one is tried on an indictment "not charging any particular person to whom such sale was made or specifying any particular occasion on which it took place," the accused is thereby placed in jeopardy for unlawfully selling such liquor to any person within the period of the statute of limitation.   *Craig* v. *State*, 108 *Ga.* 776.    Even where an indictment for such an offense charges the sale to have been made to a named person on a given day, the State may prove a sale to such person at any time within the period of limitation.   *Reynolds* v. *State*, 114 *Ga.* 265.    There is a clear intimation, in the last two cases cited, that if an indictment for the unlawful sale of intoxicating liquors charged that the sale was made to a named person, the State would be limited to proof of a sale to such person.   So, where the place where the offense is alleged to have been committed is stated in the indictment as matter of local description, or, as Blackstone puts it, "part of the description of the fact" (4 Bl. Com. 306), and not as venue, it is necessary to prove it as laid, though such averment might not have been necessary.   See *Minter* v. *State*, 104 *Ga.* 753. We are of opinion that, by analogy, an averment, in an indictment for carrying a concealed weapon, that the offense was committed in the presence of a named person, or named persons, is a part of the description of the act charged, and is sufficiently specific to charge a particular and distinct offense.

2–4.   Although each of the indictments charged a separate and distinct offense from the one charged in the other, yet if the accused, under his plea of former conviction, had shown that the same transaction was referred to in both indictments, or that the persons in whose presence the indictment under which he had been convicted alleged that the pistol was carried concealed were present on both occasions, his plea should have been sustained. Did the agreed statement of facts show either that the transactions alleged in the two indictments were the same, or that the persons alleged, in the indictment under which he was convicted, to have been present when the offense was committed, were present during the commission of the offense committed in the presence of Hughes?   We are clearly of opinion that it did not.   From this statement of facts it appears that the accused, at one place, had a pistol concealed on his person, in the presence of Deering Hughes, "when the pistol fell out of his pocket and he picked it up and put

it back in his pocket." From so much of this agreed statement we think it is evident that the accused, in the presence of Hughes, committed two offenses of carrying a pistol concealed, the first of which terminated when the pistol fell from the pocket of the accused and was exposed to view elsewhere than on his person. The second offense was committed when the accused picked the pistol up from the place where it had fallen and put it back in his pocket. A person may commit but one offense of carrying a weapon concealed upon his person, although he carries it thus concealed for many hours, because the nature of the offense is such that it may be continuously committed; but whenever the continuity of the act constituting the offense is broken, that particular offense is at an end, and another like offense is committed when the weapon is again concealed by him on his person. So, from the agreed facts, it appears that the accused at another place, his home, in the presence of Ballinger and the other persons mentioned in the indictment under which he was convicted, committed two separate and distinct offenses of carrying a pistol concealed upon his person. He committed one offense in the presence of these persons when he came into his house, and into their presence, with the pistol concealed upon his person; and this offense was terminated when he took the pistol from his pocket and placed it upon the mantel. He committed another like offense in their presence when he subsequently took the pistol from the mantel and again concealed it upon his person and went out of the house. Carrying a concealed weapon is not only an offense which may be continuously committed, but it is also transitory in its nature, so that the same act of carrying the weapon unlawfully may be continuously performed from place to place and in the presence of different people at the different places. It does not, however, appear from the agreed statement of facts that Ballinger and the other persons mentioned as being present at the commission of the offense charged in the indictment upon which the conviction was had were present on the occasion when, in the presence of Hughes, the pistol fell out of the pocket of the accused and he picked it up and put it back therein. Nor does it appear that the second act of carrying the pistol concealed, committed by the accused in the presence of Hughes, was continued or prolonged until it was terminated in the presence of Ballinger and others. It

may be that Hughes witnessed the beginning and these other persons the termination of one of the offenses of carrying a concealed pistol, committed by the accused. If this is true, then the accused, under the agreed facts, when tried under the indictment describing the offense to have been committed in the presence of Ballinger et al., was placed in jeopardy of being convicted of an offense described in the other indictment. But we think, in order for the accused to establish that he was placed in such jeopardy, it was incumbent on him to show that from the time he, in the presence of Hughes, picked the pistol up and put it back into his pocket, he continuously carried it concealed on his person until he took it out of his pocket in the presence of Ballinger and others; and the agreed statement of facts does not show this. Even if the agreed statement of facts did show that the last offense committed in the presence of Hughes and the first offense committed in the presence of Ballinger and others were the same, still the State would not be prevented from prosecuting the accused for the first offense committed in the presence of Hughes; for that offense was clearly terminated before the accused went to his home and there took the pistol from his pocket in the presence of Ballinger and the other persons mentioned in the indictment under which the conviction was had; but, in such event, the State would be confined to evidence showing this first offense committed in the presence of Hughes. Under the evidence submitted, the court did not err in finding against the plea of former conviction.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., and Candler, J., who dissent, and Evans, J., who did not preside.*

CANDLER, J.: An indictment which charges the accused with having and carrying about his person, not in an open manner and fully exposed to view, a certain pistol, in the presence of a named person, is in effect a general indictment for carrying concealed weapons on the day set out. The presence of a witness to the offense is in no sense necessary to the commission of the crime, and an allegation that a named witness was present does not serve to fix the time, place, or circumstances of the transaction. Such an allegation in an indictment should therefore be treated as surplusage (10 Enc. Pl. & Pr. 530); and where the indictment con-

tains nothing further to fix with particularity the offense charged, it is, as before stated, general in its nature, and a conviction under it will bar a subsequent conviction under another indictment for carrying concealed weapons, it appearing from the agreed statement of facts on the second trial that the offense therein charged was committed on the same day as the one of which the accused had formerly been convicted. *Bryant* v. *State,* 97 *Ga.* 105; *McWilliams* v. *State,* 110 *Ga.* 290.

SIMMONS, C. J. I agree with the views as expressed above by Mr. Justice Candler.