■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT KING, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered July 31, 1963, convicting him of kidnaping, assault in the second degree with intent to commit rape, robbery in the first degree, grand larceny in the first degree, assault in the third degree and possession of a dangerous weapon as a misdemeanor, upon a jury verdict, and imposing sentence of one day to life for the assault in the second degree count and suspending sentence on the remaining counts. Judgment modified, in the interests of justice and on the law, to the extent of reversing the convictions upon, and dismissing, the counts of the indictment for kidnaping and assault in the second degree. As so modified, judgment of conviction affirmed and defendant remanded to the trial court with respect to sentence as to the counts whereon the judgment of conviction is affirmed. The findings of fact are affirmed. Defendant's conviction for assault in the second degree with intent to commit **the crime of rape cannot stand because of the absence of evidence corroborating**

complainant's testimony that defendant raped her (*People* v. *English*, 16 N Y 2d 719; *People* v. *Debe*, 24 A D 2d 868). At the time judgment was rendered herein, *People* v. *Florio* (301 N. Y. 46) sustained defendant's conviction for kidnaping because he had forcibly compelled the complainant to accompany him over a course of city blocks to the place where she was raped. In 1965, however, *Florio* was overruled by *People* v. *Levy* (15 N Y 2d 159). *Levy* requires a reversal of defendant's kidnaping conviction in the interests of justice. When a criminal action is being considered in the normal appellate process, we apply the law applicable at the time of our decision (*People* v. *Muller*, 11 N Y 2d 154, 156; *People* v. *Loria*, 10 N Y 2d 368, 370–371). Since defendant was sentenced only upon a count whereon the judgment of conviction is reversed, further proceedings should be had with respect to the sentence (*People* v. *Trinci*, 7 A D 2d 885). Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.