49372. BROWN et al. v. THE STATE.

PANNELL, Presiding Judge.
Elijah Robert Brown and Adell Walker, the defendants, were indicted, tried and convicted of the offense of kidnapping and were sentenced to serve 10 years in the penitentiary. Their motion for new trial was overruled and they appealed to this court.

A female police officer testified that she was acting as a decoy with the stakeout squad on Juniper Street, N. E. between 6th and 7th streets in Atlanta at about 10 p.m. Her testimony disclosed the following: The area in which she was located was a high crime area where a number of robberies, muggings, etc., had taken place and that the purpose of the stakeout squad was to be in such areas so as to discover crimes in the process of being committed. Another police officer was hidden directly across the

street from where she was located and two officers were in the vacant lot behind her. The lot was vacant because the house thereon had been torn down and removed, and the premises had grown up in weeds and bushes. A parking lot was located across the street. She saw two men, later identified as the two defendants, come from the parking lot and then cross the street to her side a short distance down the street and where they waited until there was no traffic; they then approached her and Brown asked her if she wanted to go for a ride in a Corvette. She said "no" and then they asked her if she didn't want a date. She again said "no" and told them to move on, at which time both of them grabbed her, one by each arm, and began dragging her off the street into the vacant lot behind where she had been standing. Brown pulled something from his pocket and placed a sharp object in her side and said "If you scream we will kill you, come on." At this time the officer across the street came out from hiding and announced that he was a police officer and the two defendants ran up the steps of the vacant lot toward the two hidden police officers. One of them was arrested at that spot and the other was caught a short time thereafter a few blocks away. The police woman estimated she was dragged from 3 to 5 feet, but on going out and examining the location later, measured it as 15 feet. Her story of the occurrence was substantiated by the other police officers, as well as the distance which she was dragged.

Both defendants testified and denied that they ever touched the policewoman and both of them indicated that she smiled at them (which she denied) and that the reason they ran was because they thought they were going to be robbed, not knowing that these were police officers, when the police officer from across the street ran across with a gun in his hand. *Held:*

1. " 'Entrapment' exists where the idea and intention of the commission of a crime originates with an officer of the state, and he, by undue persuasion, incitement, and deceitful means, induces the defendant to commit an act . . . which the defendant would not have committed except for the conduct of such officer." *Sutton v. State,* 59 Ga. App. 198 (3) (200 SE 225). It occurs when

the criminal conduct is "the product of the creative activity" of law enforcement officials. Sherman v. United States, 356 U. S. 369 (78 SC 819, 2 LE2d 848). Where officers suspect a person of being systematically guilty of a certain type of offense, such as selling illegal liquor, the setting of a trap by proposing to such person that he sell to the decoy is not generally considered entrapment in the sense that it may be used as a legal defense for the reason that a part of the law enforcement process involves the apprehension and removal of known criminals. A different situation is presented where a man is persuaded into committing a crime in the first instance. As was stated in Butts v. United States, 273 F 35, 38: "The first duties of the officers of the law are to prevent, not to punish crime. It is not their duty to incite to and create crime for the sole purpose of prosecuting and punishing it . . . It is unconscionable, contrary to public policy and to the established law of the land to punish a man for the commission of an offense of the like of which he had never been guilty, either in thought or in deed, and evidently never would have been guilty of if the officers of the law had not inspired, incited, persuaded and lured him to attempt to commit it."

Assuming, without deciding, that the defendants fell within this last classification, we find nothing in the present record disclosing that the officers of the law inspired, incited, persuaded or lured them to commit the crime for which they are charged. Even under their own testimony the only act of the police was a smile of the policewoman which is not sufficient to constitute a lure, incitement or persuasion to commit the crime of kidnapping.

2. Appellant contends that since the statute defines kidnapping as the abduction and stealing away of any person without lawful authority, the abduction and stealing away in the present case was insufficient to comply with the statute; that is, that the movement of the policewoman of a distance of 15 feet against her will does not constitute the crime of kidnapping. With this we do not agree. In *Craighead v. State,* 126 Ga. App. 300 (190 SE2d 606) an automobile theft case, a similar argument was used by saying that the movement of an automobile

was not sufficient asportation to constitute the larceny. The court said "Any unlawful asportation, however slight (15 feet in this case), is sufficient to show the 'taking' element." And in a kidnapping case it was said by the North Carolina Supreme Court in the case of State v. Hudson, 281 N. C. 100 (1) (187 SE2d 756) "The distance the victim is carried is not material. Any carrying away is sufficient." See also State v. Dix, 14 N. C. App. 328 (2) (188 SE2d 737); Jensen v. Sheriff, White Pine County (Nev.) 508 P. 2d 4; People v. Chessman (Cal.) 238 P. 2d 1001 (31); People v. Enriquez, 190 Cal. App. 2d 481 (11 Cal. Rptr. 889); People v. Wein, 50 Cal. 2d 383 (326 P2d 457 (13)).

Appellant relies upon cases holding that where the asportation is a part of the commission of another crime, and incidental thereto, the defendant cannot be found guilty of kidnapping. See in this connection: People v. Williams, 2 Cal. 3d 894 (88 Cal. Rptr. 208); People v. Ross, 276 Cal. App. 2d 729 (81 Cal. Rptr. 296); People v. Cheffen, 2 Cal. App. 3d 638 (82 Cal. Rptr. 658); People v. Blair, 2 Cal. App. 3d 249 (82 Cal. Rptr. 673); People v. Schafer, 4 Cal. App. 3d 554 (84 Cal. Rptr. 464); People v. Daniels, 71 Cal. 2d 1119 (80 Cal. Rptr. 897, 43 ALR3d 677); People v. Shells, 8 Cal. 3d 210 (87 Cal. Rptr. 255); People v. Hatch, 25 A. D. 2d 606 (267 NYS2d 651), on rearg. 25 A. D. 2d 947 (270 NYS2d 478), cert. den. 388 U. S. 923 (87 SC 2125, 18 LE2d 1372); People v. King, 26 A. D. 2d 832 (273 NYS2d 925); People v. Levy, 15 N. Y. 2d 159 (256 NYS2d 793), rearg. den., 15 N. Y. 2d 1037 (250 NYS2d 187), cert. den. 381 U. S. 938 (85 SC 1770, 14 LE2d 701); People v. Lombardi, 20 N. Y. 2d 266 (282 NYS2d 519). Whether or not such a rule is also the law of this state, it is not necessary to decide in the present case as the evidence does not disclose that any other crime was involved, or that the asportation here was incidental to the commission of another crime shown by the evidence. The evidence was amply sufficient to authorize the conviction.

3. Defendant complains of the admission of evidence as to the defendant's residing at a work release house for convicted criminals. This evidence was first adduced by the questioning of a witness for the state by

defense counsel. No objection was made to the answer or any ruling or action sought of the trial judge. Under these circumstances, it is too late to object in this court. Evidence of this nature subsequently entered into the case on several occasions, sometimes by questioning of defense counsel and sometimes by questioning of the state's counsel, all without objection; and in the instance where it was objected to by the defendant, the objection was sustained by the trial judge. The enumeration of error is without merit.

4. The trial judge, while charging the jury as to entrapment, gave the following in charge: "Entrapment exists where the idea and intention of the commission of the crime originated with the government officer or employee, or with an agent of either, and he, by undue persuasion, incitement or deceitful means induced the accused to commit the acts which the accused would not have committed except for the conduct of such officer. However, *it is no entrapment to commit a crime where the officer merely furnished an opportunity to a criminal who is ready and willing to commit an offense.*" (Emphasis supplied.) The defendant enumerates error on the italicized portion of this charge on the grounds that it tends to infer the defendants were criminals. Assuming, without deciding, that it did so infer, there was ample evidence produced by the defendants themselves that they were convicted criminals residing at a work release house. There was no harmful error here.

5. Other enumerations of error not herein discussed are either without merit or have been abandoned because of lack of proper argument.

*Judgment affirmed. Deen and Webb, JJ., concur.*

ARGUED MAY 10, 1974 — DECIDED JULY 12, 1974.

*Grace W. Thomas,* for appellants.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Robert A. Weathers, Morris H. Rosenberg,* for appellee.