### 31269. THOMAS v. THE STATE.

INGRAM, Justice.

This appeal, from the Superior Court of Cobb County, deals with appellant's convictions of burglary, aggravated assault, rape and two counts of kidnapping. He received a sentence to life imprisonment for the rape, followed by consecutive 20-year sentences on each of the kidnapping and burglary counts in addition to a 10-year sentence for the aggravated assault. Appellant's motion for a new trial was overruled in the trial court and he

appeals, enumerating five errors for this court's consideration.

The adjudicated facts are as follows: On a Saturday evening, the two victims in this case, a widow and her sister, returned to their home in Cobb County after visiting a relative at the Kennestone Hospital in Marietta. As they entered their residence, they immediately noticed that it had been burgled and ransacked. As they attempted to leave the house, the ladies were accosted by the appellant in the carport of the home. Appellant threatened them with a gun and a knife and forced them to return to the house. After holding them there for some time, he forced them at gunpoint into their car and ordered them to drive to a secluded area in South Cobb County. After arriving there, appellant demanded that the women disrobe which they did only after he struck one of them in the face with his fists. Appellant then raped one of the women while holding the other captive at gunpoint.

Shortly thereafter, when appellant relaxed his guard, the women managed to escape. When appellant was arrested the following day, he had in his possession a radio which was identified as having been stolen from the victims' home. Also found at the scene of the arrest was a checkbook and a deposit slip, both partially burned, which belonged to one of the victims. Later that day, the victims' automobile was found with the appellant's wallet in the front seat. Appellant was subsequently identified in a lineup by both victims.

### I.

In the first and fifth enumerations of error, appellant contends that a new trial should have been ordered on the general grounds by the trial court on the burglary conviction and the aggravated assault conviction. The burglary conviction will be addressed in Division 2 of this opinion. Appellant's argument on the aggravated assault conviction is that it was not supported by the evidence because the assault was committed with his fists and hands which do not constitute a deadly weapon within the meaning of Code Ann. § 26-1302 (b) (Rev. 1972).

We agree that fists are not, per se, a deadly weapon. However, a jury may find the use of fists to be a deadly

weapon in the circumstances of a particular case. *Quarles v. State,* 130 Ga. App. 756 (2) (204 SE2d 467) (1974). The jury was authorized to find that an aggravated assault took place in this case as there is evidence that the assailant struck the victim with his fists while holding her at gunpoint. The trial judge recognized that it was a jury issue as he charged on the lesser included offense of simple battery which the jury was authorized to find rather than aggravated assault. However, the jury's finding was well within their province under the evidence in this case and we will not disturb it.

Appellant further contends that it was reversible error for the trial court not to charge on the crime of pointing a gun or pistol at another. Code Ann. § 26-2908 (Rev. 1972). We disagree. Even if this crime is considered to be a lesser included offense of the crime of aggravated assault, there was no reversible error in failing to charge it in the absence of a written request to do so where the evidence does not demand such a charge. *Smith v. State,* 236 Ga. 5, 10 (222 SE2d 357) (1976). The evidence in this case was sufficient to support a conviction of aggravated assault and did not demand a charge on pointing a gun or pistol at another without a request to charge. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1975) is not controlling because the rules established in that case apply prospectively only. *Kessel v. State,* 236 Ga. 373, 374 (223 SE2d 811) (1976).

## II.

Appellant contends in enumeration of error No. 2 that the trial judge's charge to the jury on burglary was reversible error. We find no error in the charge. The gist of the charge was that the possession of recently stolen goods, unaccounted for, raises an inference that the possessor is the one who stole the goods, unless he makes an explanation of his possession consistent with his innocence. Although appellant did not testify at the trial, this charge did not amount to an impermissible comment by the court on his silence, in violation of appellant's rights under the Fifth and Fourteenth Amendments to the United States Constitution. *Horton v. State,* 228 Ga. 690 (1) (187 SE2d 677) (1972). See, also, *Pounds v. State,* 136 Ga. App. 852 (222 SE2d 629) (1975). This

enumeration of error is without merit.[1]
### III.
Appellant contends in his third enumeration that the trial court erred in failing to find there was a merger of the aggravated assault charge and one of the kidnapping charges. Additionally, in enumeration No. 4, appellant argues that it also was error not to find a merger of the kidnapping and the rape of the other victim. These arguments are based on Code Ann. § 26-506 (a) (Rev.

---

[1]The following charge on Recent Possession in a Burglary Case, taken from the Superior Court Judges' Manual on Suggested Criminal Charges, avoids the problem discussed in the present case:

"If you should find and believe beyond a reasonable doubt that the premises in this county alleged in the indictment to have been burglarized were, in fact, burglarized within four years prior to the return of this indictment into court: That the burglary was intended to commit a theft and that there is evidence convincing you beyond a reasonable doubt that the property, or any part thereof, shown to have been taken in the course of such burglary from said premises was found recently thereafter in the possession of the defendant(s); then, and in that event, you would be authorized to consider that circumstance and give it such weight as you deem proper as to whether or not it establishes that he (they) was (were) the person(s) who burglarized said premises.

"The mere fact that you may believe beyond a reasonable doubt that a burglary of such premises has been established or that the accused did have possession of any part of such property would not be sufficient to find the defendant guilty, unless you are also satisfied beyond a reasonable doubt that he was the person who burglarized the premises in question and that he was, in fact, in possession of such property. [If defendant offers no explanation, omit next paragraph].

"I charge you that if the defendant has explained his possession, if any, of such property satisfactorily to you jurors, no inference harmful to him would thus be drawn by you."

1972), which states: "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if (1) one crime is included in the other; or (2), the crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct."

Since none of these crimes differ only in definition of conduct prohibited, their merger will depend upon whether one is included in the other. One crime is included in another when: "(a) it is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged, or (b) it differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." Code Ann. § 26-505 (Rev. 1972).

We do not think that, in this situation, the crimes of aggravated assault and kidnapping or rape and kidnapping merge. See *Jarrell v. State,* 234 Ga. 410 (216 SE2d 258) (1975); and *Rowe v. State,* 232 Ga. 700 (208 SE2d 500) (1974). In this case, neither is included in the other as a matter of fact or as a matter of law. The cases cited by appellant, *Zilinmon v. State,* 234 Ga. 535 (216 SE2d 830) (1975); *Burke v. State,* 234 Ga. 512 (216 SE2d 812) (1975); and *State v. Estevez,* 232 Ga. 316 (206 SE2d 475) (1974), are distinguishable. The trial court did not err in refusing to find a merger of these offenses.

*Judgment affirmed. All the Justices concur, except Gunter and Hill, JJ., who dissent.*

SUBMITTED JUNE 18, 1976 — DECIDED OCTOBER 5, 1976.
Rape, etc. Cobb Superior Court. Before Judge Ravan.
*Paulk & Kearns, Ralph W. Kearns, Jr.,* for appellant.
*George W. Darden, District Attorney, Joseph L. Chambers, Assistant District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.