*General,* for appellee.

## 32164. BUTLER v. THE STATE.

HILL, Justice.

Defendant Charles Aaron Butler was convicted by a jury of burglary, robbery and two counts of kidnapping with bodily injury. He was sentenced to serve twenty years in prison for the burglary followed by twenty years for the robbery, with two concurrent life sentences for the two kidnapping counts.

The evidence indicates that two masked men entered a home at about 2:00 a.m. The owner, a doctor, and his wife were beaten. The four then went in the doctor's car to his clinic where the kidnappers obtained $250. The wife was able to call police. A policeman arrived in time to apprehend one robber[1] and to observe the other robber briefly as he fled. The policeman testified at trial that in his honest opinion, the defendant was the fleeing robber. The doctor identified the defendant's voice and walk. The license tag numbers of several vehicles near the victims' residence were recorded by police on the morning of the crime, and one of these automobiles was owned by the defendant. The defendant was named in a confession made by Hayes, the man arrested at the scene. The defendant represented himself and introduced Hayes' confession. The defendant also called Hayes as a defense witness. Hayes testified that the defendant was not involved. Under cross examination by use of his confession he testified that a tape recording made of his confession would show the method by which his admissions were obtained.

1. The trial court allowed the jury to be dispersed during the course of the trial. The defendant urges this court to reconsider the rulings of *Kessel v. State,* 236 Ga. 373 (223 SE2d 811) (1976), and *Brinks v. State,* 232 Ga. 13 (205 SE2d 247) (1974), which allow the jury to be dispersed when the state is not seeking capital

---

[1]*Hayes v. State,* 138 Ga. App. 666 (226 SE2d 819) (1976).

punishment. We have reviewed those decisions and decline to overrule them. See *Collins v. State,* 239 Ga. 45 (235 SE2d 523) (1977).

2. Counsel for defendant contends that because the defendant rejected the assistance of his appointed counsel and undertook to conduct most of his own defense, the trial court erred in overruling a motion for psychiatric examination of defendant. A defendant's rejection of appointed counsel is not evidence of mental incompetence. The trial judge had the opportunity to judge the ability of the defendant and we cannot say that the trial court erred in denying the motion. *Taylor v. State,* 229 Ga. 536 (192 SE2d 249) (1972); *Roach v. State,* 221 Ga. 783 (147 SE2d 299) (1966), cert. den., 385 U. S. 935 (1966).

3. Defendant contends that the same conduct was used as the basis for both the kidnapping and the robbery convictions, so that his motion for directed verdict as to the kidnapping was improperly denied. Although the facts as to the kidnappings and the armed robbery are closely related, neither crime is included in the other as a matter of fact. Code Ann. § 26-505 (a); *State v. Estevez,* 232 Ga. 316 (206 SE2d 475) (1974).

4. Defendant's Enumerations four through eight concern evidentiary questions and jury instructions. We find no error committed by the trial court with regard to the matters in these enumerations.

5. A question by the special prosecutor directed to the defendant's brother on cross examination contained a reference to an alleged statement made by their sister incriminating the defendant. Although allowing this question based upon asserted hearsay over objection was error, it was harmless. The defendant had elicited similar statements from the doctor's wife, and in view of other identification evidence, particularly the Hayes confession, it is highly probable that the prosecutor's statement did not contribute to the judgment of the jury. *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976).

6. The pre-trial interrogation of Hayes, the man arrested at the scene of the crime, was recorded on tape by a policeman. Pursuant to the defendant's motion for the production of exculpatory evidence known by the state

(Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963); *Banks v. State,* 235 Ga. 121 (218 SE2d 851) (1975)), the court ordered that all oral and written statements made by the arrested man be furnished the defendant. At a pre-trial hearing the policeman responded that the tape had been misplaced, but at the defendant's trial the policeman testified simply that he did not know where the tape was and that the tape implicated the defendant "but not enough to bring it here in court." The defendant contends that the tape will show that he was wrongly implicated in these crimes. His renewed motion for production of the tape was denied.

The officer said "I don't intend to give up the tape—the tape is my own personal property, as far as that goes, and don't have anything to do with the statement he [Hayes] wrote." The tape was made as a consequence of the officer's interrogation of a man under arrest and thus was made in the course of his duties as a law enforcement official; the information on that tape is not the personal property of the officer regardless of the ownership of the recording equipment.

The officer testified that the tape implicated the defendant but not enough, in his opinion, to warrant producing it in court. This is a decision to be made by the trial judge. If the tape still existed, allowing it to be withheld from the defendant was error. Whether there was harmful error can be determined by a post-trial hearing in the trial court to determine the existence of and to review the tape. The judgment will be affirmed with direction that the trial court conduct a hearing to consider these issues. Appellant is granted leave to file a new appeal within 30 days of the decision by the trial judge on this issue if the decision is adverse to appellant.

*Judgment affirmed with direction. All the Justices concur.*

Argued April 13, 1977 — Decided September 8, 1977.

*Larry D. Ruskaup, D. L. Lomenick, Jr.,* for appellant.
*William M. Campbell, District Attorney, Bruce Hinshelwood, Assistant District Attorney, Arthur K.*

594

*Bolton, Attorney General, Isaac Byrd, Staff Assistant Attorney General,* for appellee.