### 61936. HAYNES v. THE STATE.

BANKE, Judge.

The appellant was convicted of kidnapping for ransom, armed robbery, and aggravated assault. He was sentenced to life imprisonment on the kidnapping charge and to concurrent 10-year sentences on the other two counts, both to follow the life term. The charges arose from a 20-hour period in October 1979, when the appellant held Donna Craig hostage at the Hyatt Regency Hotel in Atlanta. He was apprehended after being paid $20,000 by the hotel for her release. *Held:*

1. Appellant contends that "asportation" of the victim, necessary for conviction of kidnapping, is lacking. We disagree. The evidence shows that, armed with a handgun, appellant forced the victim to walk from her desk about 25 feet to the office of the hotel manager, to whom he made his demand for $20,000, and that he held the victim there against her will for 20 hours. Any asportation of the victim, however slight, is sufficient. See *Brown v. State,* 132 Ga. App. 399 (2) (208 SE2d 183) (1974).

2. The appellant contends that the identical conduct was the subject of both the kidnapping for ransom and armed robbery convictions. We cannot agree. Although the facts established regarding the kidnapping and the armed robbery are overlapping to some extent and closely related, we find no merger. Compare *Butler v. State,* 239 Ga. 591 (3) (238 SE2d 387) (1977); *Thomas v. State,* 237 Ga. 690 (III) (229 SE2d 458) (1976).

3. The trial court did not err in failing to charge on false imprisonment. "Where the uncontradicted evidence shows completion of the greater offense, the charge on the lesser offense is

not required." *Marable v. State,* 154 Ga. App. 115 (2) (267 SE2d 837) (1980).

4. The appellant also enumerates as error the failure of the trial court to grant a timely ruling on his motion for new trial. The motion was made on August 22, 1980, and denied by the trial court on December 17, 1980, after a lapse of more than the 90 days allotted by statute. See Code Ann. § 24-2620. Appellant offers no authority for his contention that the delay in ruling requires that we grant him a new trial, and we are aware of no such authority. The only sanction provided by law is found in Code Ann. § 24-2621. This enumeration of error is without merit.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JUNE 22, 1981 —

*Lawrence Lee Washburn III,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. Andrew Weathers, Margaret V. Lines, Assistant District Attorneys,* for appellee.