## 37825. HAYNES v. THE STATE.

PER CURIAM.

We granted certiorari to review the Court of Appeals' opinion in this case. 159 Ga. App. 34 (283 SE2d 25) (1981).

1. The Court of Appeals held in Division 1 that "asportation" of the victim, necessary for conviction of kidnapping, was sufficiently shown by the evidence that the appellant, armed with a handgun, forced the victim to walk from her desk about 25 feet to the office of the hotel manager, to whom he made his demand for $20,000, and

that he held the victim there against her will for 20 hours. Although we believe that specific legislation, amending Code Ann. § 26-1308, should be enacted penalizing the holding of hostages for ransom to eliminate the hair-splitting decisions as to what is sufficient asportation, nevertheless, we agree with the Court of Appeals' holding that it was sufficient here, citing *Brown v. State,* 132 Ga. App. 399 (2) (208 SE2d 183) (1974).

2. The Court of Appeals held in Division 2 that, although the facts established regarding the kidnapping for ransom and the armed robbery are "overlapping to some extent and closely related," they found no merger, citing for comparison *Butler v. State,* 239 Ga. 591 (3) (238 SE2d 387) (1977); *Thomas v. State,* 237 Ga. 690 (III) (229 SE2d 458) (1976).

In determining whether a crime is established by proof of the same or less than all the facts required to establish the commission of another crime, within the meaning of Code Ann. § 26-505 (a), "[*State v.*] *Estevez* [232 Ga. 316 (206 SE2d 475) (1974)], and a line of cases following it (*Allen v. State,* 233 Ga. 200 (3) (210 SE2d 680) (1974); *Burke v. State,* 234 Ga. 512 (2) (216 SE2d 812) (1975); *Zilinmon v. State,* 234 Ga. 535 (8) (216 SE2d 830) (1975); *Williams v. State,* 238 Ga. 244 (7) (232 SE2d 238) (1977); *Pryor v. State,* 238 Ga. 698 (1) (234 SE2d 918) (1977)), look to the actual evidence introduced at trial. These cases hold, in effect, that if the state uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact under Code Ann. § 26-505 (a)." *Stephens v. Hopper,* 241 Ga. 596, 605 (247 SE2d 92) (1978) (Marshall, J., concurring).

In the present case, the state's evidence, showing that the appellant demanded money for the release of Ms. Craig, was used to show (1) that there was a demand for ransom on the kidnapping count and (2) an intent to take another's property on the armed-robbery count. The presence of the pistol was used to show (1) that Ms. Craig was being held against her will on the kidnapping count and (2) the use of an offensive weapon on the armed-robbery count. Finally, the money transferred was used to prove (1) that Ms. Craig was held for ransom on the kidnapping count and (2) that another's property was taken from him on the armed-robbery count. Accordingly, the evidence used to establish one crime established the other, with the exception of the additional element of asportation in kidnapping for ransom. "[A] felony may merge into another felony which requires an additional element or a more culpable mental state or a more serious injury or risk of injury to the same person, property, or public interest." *Pryor v. State,* 238 Ga. 698, supra, p. 701. We therefore hold that, under the facts of this case, the crime of armed robbery was a

lesser included offense in the crime of kidnapping for ransom and that the two crimes merged, so that the conviction and sentence for armed robbery must be set aside.

3. The remaining rulings of the Court of Appeals were correct.

Accordingly, the judgment of the Court of Appeals is affirmed with the exception of the ruling in Division 2, which is reversed with direction to remand the case to the trial court to have the conviction and sentence for armed robbery expunged from the appellant's record.

*Judgment affirmed in part; reversed in part, and remanded with direction. All the Justices concur, except Hill, P. J., who concurs in the judgment only, and Marshall, J., who dissents.*

DECIDED JANUARY 5, 1982 —
REHEARING DENIED MARCH 8, 1982.

*Lawrence Lee Washburn III,* for appellant.

*Lewis R. Slaton, District Attorney, Margaret V. Lines, Assistant District Attorney,* for appellee.

MARSHALL, Justice, dissenting.

For reasons stated in my concurring opinion in *Stephens v. Hopper,* 241 Ga. 596 (247 SE2d 92) (1978), I dissent from this court's setting aside of the appellant's armed-robbery conviction in this case.

In setting aside the appellant's armed-robbery conviction here, the court relies on the holding in *State v. Estevez,* 232 Ga. 316 (1) (206 SE2d 475) (1974), that one crime is included in another for substantive double-jeopardy purposes if, in a particular case, it is established by proof of the same or less than all the evidence. In my opinion, where the defendant is prosecuted at one trial for multiple offenses arising from the same conduct, if it has been established that he violated two distinct statutory provisions he should be punished under each even though it may have been necessary for the state to prove one offense in order to establish the commission of the other.

If the reasoning of *Estevez* is taken to the limits of its logic, it results in such absurd consequences as setting aside a murder conviction as a lesser included offense of possession of a firearm during the commission of a felony in a case in which a person who has killed someone with a firearm is convicted of both offenses at one trial. Understandably, this court has refused to take *Estevez* to the limits of its logic. In the process, the court has drifted away from the *Estevez* approach of looking to the evidence actually introduced at trial in determining whether one crime is included in another. *Potts v.*

*State,* 241 Ga. 67 (11) (243 SE2d 510) (1978) and a series of cases following it look to the evidence required to establish the elements of the crime, rather than the evidence actually introduced at trial, in determining whether offenses are included. See *Tucker v. State,* 244 Ga. 721 (6) (261 SE2d 635) (1979); *Oglesby v. State,* 243 Ga. 690 (2) (256 SE2d 371) (1979); *Legare v. State,* 243 Ga. 744 (7) (257 SE2d 247) (1979); *Stephens v. Hopper,* supra; see also *Hill v. State,* 246 Ga. 402 (271 SE2d 802) (1980).

In the majority of cases, utilization of either the *Estevez* "actual evidence" test[1] or the *Potts* "elements of the crime" test will produce the same result. However, these tests have the potential for producing drastically different results, as the present case shows. For armed robbery and kidnapping for ransom have wholly distinct elements. Therefore, under *Potts,* neither crime is included in the other, and the appellant may be convicted of both. However, in this case the appellant's commission of the armed robbery constituted the extraction of the ransom for the kidnapping. Therefore, under the facts of this case, the state was required to prove the armed robbery in order to establish the commission of the kidnapping for ransom. Under *Estevez,* this means the armed robbery is included in kidnapping for ransom under the facts here.

There is yet a third approach which this court currently uses in determining the permissibility of multiple punishment for closely-related offenses prosecuted at one trial. Under this latter approach, one crime is included in another if, looking to the allegations of the indictment, it is necessary to prove one crime in order to establish the commission of the other. Support for this

---

[1] The seminal decision in *Estevez* involved convictions of illegal possession and illegal sale of cocaine. This court held that, ". . . the evidence required to convict of illegal sale was the only evidence showing possession. Therefore, as concluded by the Court of Appeals, the illegal possession was included in the crime of illegal sale as a matter of fact under Code Ann. § 26-505 (a)." *State v. Estevez,* 232 Ga. 316, supra, p. 320. It could be argued that *Estevez* applies an "elements of the crime" test rather than an "actual evidence" test on the ground that possession of an illegal substance is an element of sale. However, it is clear that this is not the case. See *Gee v. State,* 225 Ga. 669 (5) (171 SE2d 291) (1969) and cits. The following hypothetical is illustrative:

A sells a prohibited substance to B and informs him that it is buried under a trash can in a public park. B is immediately approached by C, an undercover police officer. B sells the substance to C and informs him of its location. After paying marked money to B, C recovers the substance and proceeds to arrest B. A conviction against B is sustainable for sale but not possession of the substance.

As stated by the United States Supreme Court in Albrecht v. United States, 273 U.S. 1, 11 (47 SC 250, 71 LE 505) (1927), ". . . possessing and selling are distinct offenses. One may obviously possess without selling, and one may sell and cause to be delivered a thing of which he has never had possession." (Brandeis, J.)

approach can be found in *Satterfield v. State,* 248 Ga. 538 (285 SE2d 3) (1981); *Collier v. State,* 244 Ga. 553 (6) (261 SE2d 364) (1979); and *Atkins v. Hopper,* 234 Ga. 330 (3) (216 SE2d 89) (1975). Depending, of course, on what is contained in the allegations of a particular indictment, this third approach may produce results that are either consistent or inconsistent with the other two tests.

What is truly lamentable about this state of conflict and confusion in the decisions of this court in the area of substantive double jeopardy is that Georgia's statutory double-jeopardy provisions provide workable guidelines for eliminating or at least alleviating the confusion, but this court displays a chronic insistence on perpetuating and even compounding it. A brief review of certain aspects of the constitutional history of double jeopardy, and a reexamination of the statutory provisions which govern double jeopardy questions in Georgia, will demonstrate my point.

1. The constitutional double-jeopardy protection at both the federal and state levels was originally applied only as a limitation on multiple prosecutions for crimes arising from the same conduct (referred to as the procedural bar of double jeopardy). As rules of common-law pleading became more liberal and as legislators began enacting an increasing number of statutory offenses, the double-jeopardy protection came to be applied as a limitation upon multiple convictions or punishments that may be imposed at one trial (referred to as the substantive bar of double jeopardy). However, it is generally recognized that the double-jeopardy clause's limitation on multiple prosecutions is the more important protection. The double-jeopardy clause's limitation on multiple punishment is primarily, if not exclusively, a restriction on the power of the judiciary, rather than the legislature, to impose cumulative punishment for closely-related offenses. See Sanabria v. United States, 437 U. S. 54 (98 SC 2170, 57 LE2d 43) (1978); Horack, *The Multiple Consequences of a Single Criminal Act,* 21 Minn. L. Rev. 805 (1937) (hereinafter cited as *Multiple Consequences*); Comment, *Twice in Jeopardy,* 75 Yale L. J. 262 (1965) (hereinafter cited as *Twice in Jeopardy*). In making a judicial determination of whether multiple punishment is permissible, the question is: What did the legislature intend? See, e.g., Whalen v. United States, 445 U. S. 684 (100 SC 1432, 63 LE2d 715) (1980); Simpson v. United States, 435 U. S. 6 (98 SC 909, 55 LE2d 70) (1978); Gore v. United States, 357 U. S. 386 (78 SC 1280, 2 LE2d 1405) (1958); *Twice in Jeopardy,* supra; Kirchheimer, *The Act, the Offense and Double Jeopardy,* 58 Yale L. J. 513 (1949) (hereinafter cited as *Double Jeopardy*).

2. There are two predominant tests which the courts in this country use in determining what is the "same offense" for

double-jeopardy purposes. The majority test is known as the "same evidence" test, and the minority test is known as the "same transaction" test. The majority test, the "same evidence" test, has three variants: a "required evidence" or "elements of the crime" variant; an "alleged evidence" or "allegations of the indictment" variant; and an "actual evidence" variant. See *Twice in Jeopardy,* supra; Note, *Double Jeopardy: An Illusive Expansion of a Constitutional Protection,* 14 Ga. L. Rev. 761 (1980) (hereinafter cited as *Illusive Expansion).*

The most authoritative formulation of the "same evidence" test is found in Blockburger v. United States, 284 U. S. 299, 304 (52 SC 180, 76 LE 306) (1932): "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." What this means is that a violation of two distinct statutory provisions constitutes two offenses where each statutory provision contains an element which the other does not. "[T]he Blockburger test focuses on the proof necessary to prove the statutory elements of each offense, rather than on the actual evidence to be presented at trial." Illinois v. Vitale, 447 U. S. 410, 416 (100 SC 2260, 65 LE2d 228) (1980).

The Blockburger test has been applied in the form of a two-step analysis. It has been held that in order for multiple offenses to be considered the same offense under Blockburger, they must be the same offense as a matter of fact and as a matter of law. See Gavieres v. United States, 220 U. S. 338 (31 SC 421, 55 LE 489) (1911). Multiple offenses are the same as a matter of fact under Blockburger, if they arise from the same conduct of the accused. See Brown v. Ohio, 432 U. S. 161 (97 SC 2221, 53 LE2d 187) (1977); *Morgan v. State,* 119 Ga. 964 (47 SE 567) (1903). (Thus, where the defendant is charged with the kidnapping of one victim on one day and the kidnapping of another victim on another day, these offenses are the same as a matter of law but not as a matter of fact.) Multiple offenses are the same as a matter of law under Blockburger only if one offense has the same or less than all the elements of the other offense. Gavieres v. United States, supra.

Thus, the Blockburger test is an "elements of the crime" or "required evidence" test, and this is the test utilized by this court in *Potts* and its progeny. The Blockburger test stands in contradistinction to the "actual evidence" test, which is the test utilized by this court in *Estevez* and its progeny. See *Stanley v. State,* 240 Ga. 341 (1) (241 SE2d 173) (1977); *Pryor v. State,* 238 Ga. 698 (1) (234 SE2d 918) (1977); *Williams v. State,* 238 Ga. 244 (7) (232 SE2d 238) (1977); *Zilinmon v. State,* 234 Ga. 535 (8) (216 SE2d 830) (1975);

*Allen v. State,* 233 Ga. 200 (3) (210 SE2d 680) (1974). As previously stated, the third approach, the "alleged evidence" test, finds support in *Satterfield, Collier* and *Atkins.*

In most jurisdictions the Blockburger formulation of the "same evidence" test, i.e., the "distinct elements" test, is seen as the appropriate test for resolving substantive double-jeopardy questions. See *Illusive Expansion,* supra; *Twice in Jeopardy,* supra. It is applied in a majority of the states, as well as the federal system, because of the widely held belief that utilization of this test best effectuates the intention of the legislature on the question of whether the imposition of multiple punishment for closely related offenses is permissible. Where the same act, conduct, or transaction constitutes a violation of several distinct statutory provisions, Blockburger posits that the intent of the legislature in enacting each provision is that the offender be punished under each.[2] See, e.g., Gore v. United States, supra.

However, the Blockburger formulation of the "same evidence" test affords the criminal accused entirely too little protection when used as the basis for determining the limitations upon multiple prosecutions for crimes arising from the same criminal conduct. See Brown v. Ohio, supra; Illinois v. Vitale, supra; Lugar, *Criminal Law, Double Jeopardy and Res Judicata,* 39 Iowa L. Rev. 317 (1954) (hereinafter cited as *Criminal Law*). Simply by placing a different legal characterization upon the same criminal conduct or transaction of the accused, the prosecutor can bring successive prosecutions against him for multiple criminal charges arising from that conduct which could have been tried in one proceeding, thus unduly harassing the accused and wearing him down. In these days of proliferating and overlapping criminal statutes, this is not a difficult task.

The "same transaction" test provides the better method of analysis for resolving questions relating to the procedural aspect of double jeopardy, but it is too restrictive a test for determining double-jeopardy questions as a matter of substantive law. See *Double Jeopardy;* supra; *Multiple Consequences,* supra; *Illusive Expansion,*

---

[2] For example, a legislature enacts a burglary statute, which makes it a crime for a person to enter a dwelling with the intent to commit a crime therein. This is intended to protect the sanctity of our homes. The legislature also enacts a rape statute. This is intended to protect the sanctity of our bodies. Where a person breaks into a home and commits a rape, he has violated the interests sought to be protected by both the rape and the burglary statutes, and it is the intent of the legislature that he be punished under each. The fact that the state may have used up all of the evidence of the burglary in proving the rape is irrelevant for the purpose of determining the punishment to be imposed against an offender who is prosecuted for both crimes at a single trial.

supra.

The great deal of confusion engendered by the double-jeopardy proscriptions of the state and federal Constitutions is attributable to the fact that the courts have fallen into one of two traps: either they have applied one test or the other as a means of resolving both substantive and procedural double-jeopardy questions or they have applied both tests indiscriminately. See *Harris v. State,* 193 Ga. 109 (17 SE2d 573) (1941) and cits.; Comment, *Statutory Implementation of Double Jeopardy Clauses: New Life for a Moribund Constitutional Guarantee,* 65 Yale L. J. 339 (1956); Note, *Criminal Law-Double Jeopardy,* 24 Minn. L. Rev. 522 (1940); *Criminal Law,* supra.

3. The double-jeopardy provisions of the 1968 Georgia Criminal Code, which are substantially the same as the double-jeopardy provisions of the Model Penal Code,[3] are intended to alleviate this confusion by distinguishing between the procedural and substantive aspects of double jeopardy.

---

[3] The substantive and procedural double-jeopardy provisions of the Model Penal Code are contained in § 1.08. See ALI Model Penal Code, Tentative Draft No. 5, § 1.08 (1956):

"Section 1.08.   Method of Prosecution When Conduct Constitutes More Than One Offense.

(1) *Prosecution for Multiple Offenses; Limitation on Convictions.* When the same conduct may establish the commission of more than one offense, a person charged with such conduct may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:

(a) one offense is included in the other, as defined in paragraph (4) of this Section; or

(b) one offense consists only of a conspiracy or other form of preparation to commit the other; or

(c) inconsistent findings of fact are required to establish the commission of the offenses; or

(d) the offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct; or

(e) the offense is defined to prohibit a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses.

(2) *Requirement of Single Prosecution.* Except as provided in paragraph (3) of this Section, if a person is charged with two or more offenses and the charges are known to the proper officer of the police or prosecution and within the jurisdiction of a single court, they must be prosecuted in a single prosecution when:

(a) the offenses are based on the same conduct; or

(b) the offenses are based on a series of acts or omissions motivated by a purpose to accomplish a single criminal objective, and necessary or incidental to the accomplishment of that objective; or

(c) the offenses are based on a series of acts or omissions motivated by a common purpose or plan and which result in the repeated commission of the same

(a) As to the procedural bar of double jeopardy, Code Ann. § 26-506 requires all crimes arising from the same conduct to be prosecuted in a single prosecution provided they are in the same jurisdiction and are known to the prosecutor unless the court in the interest of justice orders separate trials. Code Ann. § 26-507 sets out in detail when a second prosecution is barred. This establishes essentially a "same transaction" test.

Thus, the procedural double-jeopardy provisions of the 1968 Criminal Code extend to the accused more protection than the Constitution requires. Although various Justices of the United States Supreme Court have espoused the view that the double-jeopardy clause generally requires the prosecution in one proceeding of all charges against the defendant that arise from the same criminal act, occurrence, episode or transaction, the Court has not expressly laid down this requirement. See, e.g., Illinois v. Vitale, supra; Harris v. Oklahoma, 433 U. S. 682 (97 SC 2912, 53 LE2d 1054) (1977); Brown v. Ohio, supra; Thompson v. Oklahoma, 429 U. S. 1053 (97 SC 768, 50 LE2d 770) (1977) and cits.

(b) As to the substantive bar of double jeopardy, the tests to be applied are found in three statutory provisions: Code Ann. §§ 26-505 (a), 26-505 (b) and 26-506 (a) (2). Code Ann. § 26-506 (a) provides: "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if (1) one crime is included in the other, or (2) the crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." Code

---

offense or affect the same person or the same persons or the property thereof.

(3) *Relief from Required Joinder.* When a person is charged with two or more offenses, the Court may order any such charge to be tried separately, if it is satisfied that justice so requires.

(4) *Conviction of Included Offense Permitted.* A defendant may be convicted of an offense included in an offense charged in the indictment [or the information]. An offense is so included when:

(a) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(b) it consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or

(c) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission.

(5) *Submission of Included Offense to Jury.* The Court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense."

Ann. § 26-505 (a) and (b) provide alternative rules for determining when one crime is included in another. A crime is so included if "[i]t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged," Code Ann. § 26-505 (a), or "[i]t differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." Code Ann. § 26-505 (b).

As can be seen, there are two tests contained in § 26-505 (a): [1] a "proof of the same or less than all the facts" test, and [2] a "proof of a less culpable mental state" test. There are also two tests in § 26-505 (b): [1] a "less serious injury or risk of injury" test, and [2] a "lesser kind of culpability" test. There is one test contained in § 26-506 (a) (2): A "general conduct/specific conduct" test. Thus, the Georgia Code contains a total of five tests for the resolution of substantive double-jeopardy questions. Since these tests are couched in the disjunctive, multiple punishment is barred if the crimes under consideration meet any one of the tests.

In determining how these tests are intended to operate, the first question presenting itself concerns the meaning of the statement in § 26-505 (a) that a crime is included in another if "[i]t is established by proof of the same or less than all the facts . . . required to establish the commission of the crime charged." There is semantic justification for interpreting the term "facts" as used in § 26-505 (a) as meaning either: "elements" (thereby establishing the Blockburger "distinct elements" test), or as meaning "evidence" (thereby establishing either the "alleged evidence" or "actual evidence" test).

It is clear, however, that the American Law Institute intended to adopt the Blockburger "distinct elements" test in drafting the corresponding provision of the Model Penal Code. See ALI, Model Penal Code, Tentative Draft No. 5, § 1.08, Comment (1956). It is also clear that of all the various tests which the provisions of the Model Penal Code establish for the resolution of substantive double-jeopardy questions, the "distinct-elements" test is intended to be the linchpin. Id.

This is also true of the Georgia Code. A review of the tests established by the Georgia Code for the resolution of substantive double-jeopardy questions will show that the "proof of the same or less than all the facts" test contained in § 26-505(a) is also intended to be a "distinct elements" test. The four remaining tests contained in § 26-505 (a), 26-505 (b), and 26-506 (a) (2) are intended to augment the "distinct elements" test of § 26-505 (a) by defining certain species of crime which should be considered the same or included offenses for

substantive double-jeopardy purposes even though they have distinct elements. See Model Penal Code, § 1.08, Comment, supra; *Illusive Expansion,* supra.

(1) By providing that a crime is included if "[i]t is established by proof of . . . a less culpable mental state than required to establish the commission of the crime charged," § 26-505 (a) recognizes that a crime such as voluntary manslaughter, which can be characterized as reckless homicide, is included in a crime such as murder, which can be characterized as intentional homicide, even though these crimes have distinct elements.

(2) By providing that a crime is included if "[i]t differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest . . . suffices to establish its commission," § 26-505 (b) recognizes that a crime such as battery, which prohibits the intentional infliction of bodily injury, is included in a crime such as murder, which prohibits the intentional infliction of more serious bodily injury, i.e., death, even though these crimes also have distinct elements.

(3) By providing that a crime is included in another crime if "[i]t differs from the crime charged only in the respect that a . . . lesser kind of culpability suffices to establish its commission," § 26-505 (b) is basically a restatement (although in broader terms) of the rule contained in § 26-505 (a) that one crime is included in another if it is established by a less culpable mental state.

(4) By providing that a defendant may not be convicted of separate crimes if "the crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct," § 26-506 (a) (2) recognizes that where a defendant has been convicted of a crime such as indecent exposure, which basically prohibits a specific type of lewd conduct, he cannot also be convicted of a crime such as lewd conduct, even though these crimes might not constitute included offenses within the meaning of the precepts established in § 26-505.

As stated in § 26-506 (a), the tests set forth for determining the permissibility of multiple conviction and punishment for offenses prosecuted at one trial apply only where it is the same conduct of the accused that establishes the commission of the offenses. Thus, employing the "same offense as a matter of fact/same offense as a matter of law" rubric, the substantive double-jeopardy provisions of our Criminal Code presume that the multiple offenses are the same as a matter of fact, i.e., that they arise from the same conduct of the accused, and the Code sets out alternative tests for determining included offenses or the same offense as a matter of law.

*Estevez's* holding to the contrary has resulted in the "proof of

the same or less than all the facts" test of § 26-505 (a) becoming the overarching test, with the four remaining tests being relegated to a state of dormant insignificance. This court's analysis of these statutory provisions remains skewed, and the permissibility of multiple punishment for closely-related offenses prosecuted at one trial depends upon the line of decisions on which reliance is placed in a given case. The statutory provisions were intended to alleviate this type of confusion, but confusion reigns supreme. I dissent.