67563. PADGETT v. THE STATE.

DEEN, Presiding Judge.

Elaine Pettyjohn reported to the Chattooga County sheriff's department that a stranger whom she had agreed a few minutes earlier to transport from a local shopping center to a nearby manufacturing concern had pointed a gun at her while a passenger in her pickup truck, and had ordered her to turn off on a road leading to a neighboring cemetery. Pettyjohn testified that when she reached the specified road she realized that she was more frightened of accompanying her assailant to an isolated place than of risking being shot for defiance, and therefore had continued driving down the main highway. The passenger/assailant then ordered her to turn at the next road. Upon reaching the latter intersection she slammed on the brakes and screamed at the assailant to get out of the truck and leave her alone. The assailant then left the truck, and Pettyjohn sped away and called the sheriff from a friend's place of business. The dispatcher who took the call asked her to come to the office and provide further details regarding the incident.

Upon arriving at the sheriff's office, Pettyjohn was asked to examine a group of seven photographs all depicting persons with the

general physical characteristics she had described in her telephone report. She was not told that the picture of a specific suspect was included in the array. She immediately identified a photograph of appellant Padgett as that of her assailant. As she was leaving the sheriff's office, she suddenly turned and ran back inside, explaining to officers there that she had just seen her assailant standing in another part of the building. This person was Padgett, who had been picked up and taken into custody on the basis of the description broadcast by the dispatcher. He was subsequently indicted on a charge of kidnapping. OCGA § 16-5-40 (Code Ann. § 26-1311 (a)).

At trial appellant denied any part in the kidnapping and offered, *inter alia*, an alibi defense. He offered no corroborating evidence, however. His testimony differed in a number of significant respects from that of arresting and investigative officers and from his own prior statements. A jury found him guilty as charged, and the trial court sentenced him to twenty years' imprisonment. On appeal Padgett enumerates as error the court's refusal to give two requested jury instructions on lesser included offenses; the denial of appellant's motion for a directed verdict of acquittal; and the court's giving an allegedly burden-shifting instruction on identity. *Held*:

1. We find no merit in appellant's first two enumerations. The trial court is obligated to give a properly requested instruction on lesser included offenses only if the evidence warrants such an instruction. *State v. Stonaker*, 236 Ga. 1, 2 (222 SE2d 354) (1976). Appellant argues that since the road actually traveled in the truck was the same road Pettyjohn would have taken to go to her own original destination, and, moreover, that since Pettyjohn did not obey her passenger's instructions to turn off on certain roads, the evidence would support at most a charge of criminal attempt at kidnapping, OCGA § 16-4-1 (Code Ann. § 26-1001), rather than the completed crime, and that the jury should have been instructed on criminal attempt. He further contends that, since there was no completed kidnapping, the jury should have been instructed on pointing a gun at another. OCGA § 16-11-102 (Code Ann. § 26-2908). This argument is more ingenious than persuasive.

"Criminal attempt" requires a "substantial step" towards the completed offense. OCGA § 16-4-1 (Code Ann. § 26-1001). The evidence in the instant case shows that, the victim's non-compliance notwithstanding, appellant's actions constituted an actual kidnapping in that the victim was held, even though briefly, against her will (she testified that the entire episode lasted no longer than ten minutes). *Haynes v. State*, 159 Ga. App. 34 (283 SE2d 25) (1981), rev'd on other grounds 249 Ga. 119 (288 SE2d 185) (1982). That the asportation was of short duration is without legal significance: Georgia courts have held that asportation for a distance of 100 yards, or even

twenty-five feet, is sufficient to establish the offense of kidnapping. *Waters v. State*, 248 Ga. 355 (283 SE2d 238) (1981); *Brown v. State*, 132 Ga. App. 399 (208 SE2d 183) (1974). What *is* significant is that appellant even momentarily caused the victim, "without lawful authority or warrant," through intimidation and coercion, to engage in actions (including moving from one place to another) "against her will." OCGA § 16-5-40 (a). Pettyjohn's testimony clearly indicates that, from the moment appellant drew his gun until he got out of the truck, she was abducted and held "against her will," and that her every act during that time was motivated by fear for her life and of bodily harm.

Whether the assailant was able actually to carry out his felonious purpose all the way to its intended conclusion (whatever that might have been) is of no consequence as a matter of law; it is sufficient that he carried out his intent far beyond the point of mere preparation and also well beyond a mere "substantial step" towards the abduction and holding of which OCGA § 16-5-40 speaks. His abandonment of the crime when the victim stopped the truck and screamed at him was due not to any "voluntary and complete renunciation of his criminal purpose," as contemplated by OCGA § 16-4-5; it was not appellant's own volition, but the victim's obstructive conduct, that caused him to break off a crime that was already well under way. Since the evidence clearly shows that the crime was completed in the legal sense, the trial court was not obliged under *Stonaker*, supra, to instruct the jury on criminal attempt as a lesser included crime.

Moreover, in *Roberts v. State*, 242 Ga. 634, 636 (250 SE2d 482) (1978), the Supreme Court extended the rationale of *Stonaker*, supra, and held that it was not error for the trial court to decline to instruct the jury on a lesser included offense because the latter is merged into the completed crime. Thus, even if we were to decide that pointing a gun at another (a misdemeanor) is a lesser offense included in kidnapping, it was not error for the court to decline to instruct the jury regarding the lesser offense because it would have merged into the felony of kidnapping.

2. Scrutiny of the record reveals that the allegedly burden-shifting jury instruction on identity is identical with that approved by Georgia's Supreme Court in *Shepherd v. State*, 234 Ga. 75 (214 SE2d 535) (1975). See also *State v. Moore*, 237 Ga. 269 (227 SE2d 241) (1976). Appellant's fourth enumeration is without merit.

3. OCGA § 17-9-1 (a) authorizes the trial court to grant a directed verdict of acquittal only when "there is no conflict in the evidence and the evidence . . . shall demand a verdict of acquittal or 'not guilty' . . ." The evidence in this case falls far short of meeting this standard. As indicated in Division 1, supra, there was ample evidence on the basis of which a reasonable trier of fact would have been

authorized to find appellant guilty beyond a reasonable doubt of the offense with which he was charged. This enumeration, too, is devoid of merit.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 20, 1984 —
REHEARING DENIED MARCH 5, 1984 —

*William U. Hyden, Jr.*, for appellant.
*David L. Lomenick, Jr., District Attorney*, for appellee.