## 52202. HAYES v. THE STATE.

PANNELL, Presiding Judge.

The defendant was indicted for robbery, burglary and two counts of kidnapping. He was convicted of one count of kidnapping, robbery and burglary. He appeals the judgment of conviction and sentence.

The evidence shows that in the early morning hours of April 6, 1974, Dr. and Mrs. Stephenson were awakened in their home by two masked men. The men asked for money and told Dr. Stephenson to show them his safe. The two men struck both victims in the ribs and threatened to kill them if they did not show them the safe. Dr. Stephenson informed the men that he had no safe at his home but that he did have one at his office.

The two masked men took Dr. and Mrs. Stephenson from their home to the office. Mrs. Stephenson was forced into the rear seat of the car and told not to scream or her throat would be cut. Upon arriving at the office, Dr. Stephenson opened his safe. One of the men took some

money and drugs from the safe. Immediately thereafter, a police officer arrived at the office and apprehended the defendant.

1. Appellant's enumeration of error number 1 is abandoned.

2. Appellant urges error in the court's overruling his special plea in abatement and motion to quash the indictment. Appellant argues that the indictment should have been quashed because the foreman of the grand jury was the county coroner, an elected official. All elected officers and officials are incompetent to serve as grand jurors during their terms of office. See Code § 59-201.

Appellant's special plea in abatement and motion to quash were filed prior to arraignment and argued on arraignment day; they were filed after the return of the indictment. "Where a defendant is represented by counsel at the commitment hearing and where no challenge to the array of grand jurors is made until after the indictment, any contention that the grand jury is not properly constituted will be treated as having been waived." *Scott v. State,* 121 Ga. App. 458, 459 (174 SE2d 243). "Points relating to the number of grand jurors drawn and their competency should be made before the true bill is found, and not on the trial before the traverse jury, especially where the defendant is under a charge that apprises him that the case will go before the grand jury, by being under bond to appear or confined in jail to answer the offense at court." *Simpson v. State,* 100 Ga. App. 726 (112 SE2d 314).

The evidence at the hearing of the plea in abatement showed that appellant was represented by counsel prior to the return of the indictment; defense counsel knew when the grand jury was considering this case, and he had access to the names of the grand jurors prior to the finding and return of the bill of indictment. Under these circumstances, we find that any contention that the grand jury was not properly constituted was waived by the defendant's failure to make a timely challenge to the competency of the grand jurors.

3. Appellant moved to dismiss the two counts of kidnapping on the grounds that the kidnapping merged with the charge of robbery. The trial court overruled his

motion and appellant urges error on this ruling. He contends that Mrs. Stephenson was taken from her home, along with her husband, merely as a part of the overall robbery and incidental thereto.

The defendant was convicted of the kidnapping of Mrs. Stephenson; he was acquitted of kidnapping Dr. Stephenson. It is therefore only necessary for us to decide if the former kidnapping charge merged with the robbery charge. Pretermitting the question of whether the offense of robbery and kidnapping could ever merge under the proper set of facts, we find that there was no such merger in the present case. The defendant was convicted of robbing Dr. Stephenson and kidnapping Mrs. Stephenson. Not only were the elements of the two offenses entirely different, but also the victims were not even the same. We find that the defendant's argument that the two offenses merged is without merit.

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

SUBMITTED MAY 4, 1976 — DECIDED MAY 17, 1976.

*Auman & Campbell, John C. Campbell, William Ralph Hill,* for appellant.

*Earl B. Self, District Attorney, Jon B. Wood, Assistant District Attorney,* for appellee.