## 54113. PORTER et al. v. THE STATE.
## 54114. SMITH et al. v. THE STATE.

SMITH, Judge.

The appellants—Richard Porter and James Mack in case no. 54113, Allen Smith in case no. 54114—were jointly tried for burglary. Smith and Porter were found guilty; Mack was found guilty of theft by taking. The convictions were based largely on confessions from Porter and Mack. The substantial enumerations of error in these appeals deal with the voluntariness of the confessions and their admissibility against co-defendants. We find that a full and fair hearing on voluntariness was not conducted, that Porter's confession was inadmissible, and that neither confession was properly admissible against co-defendants when the confessor did not testify. The judgments are reversed.

Case No. 54113

1. The appellants' challenge to the competency of the foreman of the grand jury which indicted them, not being raised for the first time until appeal, must be considered waived. See *Hayes v. State,* 138 Ga. App. 666 (2) (226 SE2d 819).

2. The confessions of Richard Porter and James Mack were erroneously admitted. We are guided in this determination by *Pierce v. State,* 238 Ga. 126, 128 (231 SE2d 744):

"It is now axiomatic that the defendant has the right to a hearing outside the presence of the jury on the question of the voluntariness of any in-custody statements or confessions that he has made. Jackson v. Denno, 378 U. S. 368 (1964); *Schneider v. State,* 130 Ga. App. 3 (202 SE2d 238) (1973). At such a hearing, the state must prove voluntariness by a preponderance of the evidence (Lego v. Twomey, 404 U. S. 477 (1971); *High v. State,* 233 Ga. 153 (210 SE2d 673) (1974)), and in order to make this determination, the judge must consider the 'totality of the circumstances' surrounding the statement (Clewis v. Texas, 386 U. S. 707, supra; *Pierce v. State,* 235 Ga. 237 (219 SE2d 158) (1975)). It is not merely an inquiry based solely on Miranda, although the presence of these warnings is significant in deciding the voluntariness

question. The defendant has the right *'to have a fair hearing and a reliable determination* on the issue of voluntariness, a determination uninfluenced by the truth or falsity of the confession. Rogers v. Richmond, [365 U. S. 534 (1969)].' Jackson v. Denno, supra, p. 377. (Emphasis supplied.) We do not find that a hearing in which the defendant is allowed to present testimony only on the Miranda warnings and not on the surrounding circumstances meets this standard. State v. Fortner, 266 S. C. 223 (222 SE2d 508) (1976)."

It is apparent from the record in this case that the "totality of the circumstances" surrounding these confessions could not be appreciated without considering the testimony of Monroe Todd, who would present some evidence tending to vitiate the legal voluntariness of the confessions. Mr. Todd is a local tax commissioner who had befriended the appellants and, by persuading them that they could expect some leniency in return for their honesty, had encouraged them to confess their crime to the local authorities. Whether Mr. Todd's suggestion of benefit to them was adopted or perpetuated by the law enforcement authorities is a question of fact which can be faithfully answered only after full consideration of Mr. Todd's testimony. And this question must be considered, for Code § 38-411 requires "the exclusion from evidence of any confession that is induced by another by the slightest hope that the confession would make his punishment lighter." *Turner v. State,* 203 Ga. 770 (2) (48 SE2d 522), quoted in *Johnson v. State,* 238 Ga. 27, 28 (230 SE2d 849).

The appellants made a pre-trial Brady v. Maryland motion to obtain any exculpatory evidence, and the district attorney told them there was none. Later, when the state attempted to introduce the statement of Richard Porter, the officers present at the taking of the confession testified, at first, that no one else was present. A GBI agent later admitted that there was an unknown civilian present. Not until the following morning, when defense counsel was allowed to listen to an audio tape of the statement, did it become entirely clear that Mr. Todd had been present when the statement was taken and had played a role in inducing Porter to confess. It was also clear from the tape that the GBI agent and the local sheriff

knew that Mr. Todd was there, knew his role, and knew his identity. Whether intentional or not, the combined effect of the witnesses' and the district attorney's statements masked the role of Mr. Todd, and prevented the appellants from having him present at the time of the Jackson v. Denno hearing. The trial court should have delayed the proceedings long enough to allow Mr. Todd to be procured, for without his testimony the appellants were denied their right to a full investigation of all the circumstances surrounding both of their confessions. For this reason, the case must be remanded with directions for the trial court to afford a full hearing on the voluntariness of Mack's confession in light of all the surrounding circumstances.

As to Porter's confession, we find on the face of the record before us that it was inadmissible. The transcription of his confession shows that after reading him his Miranda rights, the GBI agent asked Porter to sign a written statement of those rights. At that point the sheriff said, "We don't want to get on the street and say anything about what he said now?" Mr. Todd responded, "No, that's right. That's what I've told him and the GBI explained to him *this is just for his secretary in typing . . .*" The remaining parts of this statement are inaudible, but the clear thrust of the conversation is that Porter was being told that his statement would *not* be used against him and it was being recorded just so the agent's secretary could type his notes. Mr. Todd testified at a pre-sentence hearing that his impression of the above exchange was that the GBI agent had told Porter that the tape *would not be used against him;* that it was merely to be used as an aid in developing the agent's file. A confession given under such a pretense may not be admitted against the confessor.

3. In addition to the issue whether each confession was admissible against the confessing defendant, there is the problem of their admissibility against the other defendants. We find that the confessions, as against other defendants, were hearsay not admissible under a conspiracy theory and, more importantly, they were inadmissible because they operated to deny the other defendants their right to confrontation.

The confessions admitted in evidence could not be said to have been obtained during the pendency of any conspiracy. This case is very similar in this respect to *Welch v. State,* 237 Ga. 665, 676 (229 SE2d 390). Here, as in *Welch,* the confessions made by conspirators, identifying other conspirators and their participation in the crime, were, as a matter of law, made after the conspiracy—even the concealment stage—had ended. See *Crowder v. State,* 237 Ga. 141 (227 SE2d 230), and *Munsford v. State,* 235 Ga. 38 (218 SE2d 792).

The error in admission of one defendant's statements against the co-defendants assumes constitutional proportions under Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476). The defendants who had confessed never offered themselves as witnesses, so the co-defendants were denied the right to confrontation. Instructions to the jury not to consider the confession as evidence against anyone but the confessor do not remedy the error. *Reeves v. State,* 237 Ga. 1, 3 (226 SE2d 567). Still, a Bruton violation does not require reversal unless there is a reasonable possibility that the improperly admitted confession contributed to the conviction of the other defendants. Schneble v. Florida, 405 U. S. 427, 430 (92 SC 1056, 31 LE2d 340); Chapman v. California. 386 U. S. 18, 24 (87 SC 824, 17 LE2d 705); *Reddish v. State,* 238 Ga. 136, 138 (231 SE2d 737). In view of the central role these confessions played in the state's case, there is a substantial probability that each of the confessions contributed to the convictions of the other defendants. The case, therefore, must be reversed on these grounds.

4. The remaining enumerations of error in case no. 54113 involve problems which either are cured by the grant of a new trial or which would not likely recur at a second trial.

## Case No. 54114

5. For the reasons stated in Division 3 of this opinion, the confessions of Mack and Porter should not have been admitted against the appellant Smith. Even without the confessions, there was evidence which would have supported the verdict, so a directed verdict of acquittal was not required. For the same reasons stated in Division 4, the remaining enumerations of error in this

appeal do not require review here.

*Judgments reversed. Bell, C. J., concurs. McMurray, J., concurs in the judgments only.*

ARGUED JUNE 27, 1977 — DECIDED OCTOBER 25, 1977.

*E. Kontz Bennett, Jr., King, Phipps & Associates, Herbert E. Phipps, Henry E. Williams, J. Greg Wolinski,* for appellants.

Richard Porter, *pro se.*

Allen D. Smith, *pro se.*

*Dewey Hayes, District Attorney,* for appellee.