## 35544. SMITH v. THE STATE.

HILL, Justice.

George Smith, Jr., returned to his mother's home in Macon, Georgia, in April of 1977 having spent some 29 years in prisons and mental institutions in New York. He stayed with his mother until November of 1977 when his family committed him to Central State Hospital because he struck his mother, knocking her down. After his release he moved in with his sister from May until August

of 1978, when he returned to his mother's home.

In the winter of 1978, the City of Macon employed him under the Comprehensive Employment Training Act (CETA) as a security guard for a parking lot for city employees which happened to be located behind the CETA offices but was not for use by CETA employees.

On Friday, February 9, 1979, Smith received notice that he had been fired. He entered the CETA office and asked Charles David Holton, a CETA supervisor, who had fired him. Holton told him that the city had fired him and he would have to ask the city personnel office. On Monday, Smith returned to the CETA office and asked some employees who had fired him. Holton walked up and having ascertained what was happening, walked to the door telling Smith that he would show him where to go. Holton apparently intended to direct Smith to the city personnel office. As Holton held the door open for Smith, Smith stabbed him once in the chest. Holton ran outside, fell to the ground, and died shortly thereafter. Smith stood looking at Holton briefly after he had fallen and then walked away. He was arrested shortly thereafter in the vicinity. At his trial he pled not guilty by reason of insanity. After lengthy jury deliberations, the defendant was found guilty of murder and sentenced to life in prison.

1. Smith's first enumeration of error is that the evidence does not support the verdict. He does not contend that he did not kill Holton, but that he could not be found guilty because he lacked the requisite mental competence. Code Ann. §§ 26-702, 26-703. Smith's mother, his two sisters, and several of the state's witnesses testified as to numerous incidents of bizarre behavior by Smith. Smith argues that his history of mental illness, his lack of motive for the killing and his failure to flee immediately following the attack show that the evidence does not support the verdict.

A court appointed psychiatrist who had examined the defendant at Central State Hospital testified that he had "schizophrenic illness, paranoid type" but concluded that the defendant was competent to stand trial and that "he was able to distinguish between right and wrong at [the time the act took place]." He also stated that he found no evidence that Smith had any delusional compulsion

with regard to David Holton. A behavioral specialist at Central State Hospital corroborated the psychiatrist's testimony.

There was opinion testimony which would support the verdict and viewing that evidence in its most favorable light, we conclude that a rational trier of fact could have found the defendant legally sane and therefore guilty beyond a reasonable doubt. Jackson v. Virginia, — U. S.— (99 SC 2781, 61 LE2d 560) (1979). See *Potts v. State,* 241 Ga. 67 (13) (243 SE2d 510) (1978).

2. Smith's second enumeration is that the trial court erred in denying his motion for a second psychiatric evaluation. His first motion for psychiatric examination was granted. His attorney argues that examination by a state psychiatrist in a state institution was not conducive to open responses by Smith, especially in view of his history of incarceration and institutionalization. He also argues that Smith's substantial history of mental problems and bizarre conduct, including events surrounding this murder, as well as the severe consequences of conviction, mandate granting of his motion. He argues that his indigency precluded him from obtaining a second psychiatric opinion which a person with means could have obtained.

Whether to grant the motion was in the discretion of the trial court and we find no abuse of that discretion. *Crenshaw v. State,* 244 Ga. 430 (1979). Smith asks this court to extend Bounds v. Smith, 430 U. S. 817 (97 SC 1491, 52 LE2d 72) (1977), to require that the state furnish criminal defendants with private psychiatrists or psychologists. The court in Bounds held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U. S. at 828. The constitutional right of access to the courts is not involved in this case and we decline to apply Bounds here.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 26, 1979 — DECIDED JANUARY 8, 1980.

*Claude W. Hicks, Jr.,* for appellant.

*W. Donald Thompson, District Attorney, Arthur K. Bolton, Attorney General, Nicholas G. Dumich, Staff Assistant Attorney General,* for appellee.