## 43951. MOTES v. THE STATE.
### (353 SE2d 348)

Smith, Justice.

A Houston County grand jury indicted the appellant, Janice Motes, for murder, felony murder, and aggravated assault. A string of events culminated in a trial court order forbidding Motes from raising the affirmative defense of insanity at trial. We granted Motes' application for an interlocutory appeal to consider the following questions:

"(1) Whether the defendant has, in reliance on her Fifth Amendment right against self-incrimination, refused to submit to examination by an independent psychiatrist who has been appointed by the court pursuant to OCGA § 17-7-130.1, and where the court, in response to Defendant's refusal, has prohibited Defendant from raising any issues or producing any evidence related to the defense of insanity during the trial of her case, is said prohibition by the court consistent with the legislative intent underlying OCGA § 17-7-130.1?

"(2) Does said prohibition impermissibly infringe on Defendant's rights against self-incrimination and to due process?"

We reverse.

Following her indictment but prior to trial, Motes filed a notice of intent to raise an insanity defense. The court, pursuant to OCGA § 17-7-130.1, appointed an independent psychiatrist to examine Motes. In its order appointing the independent expert, the trial court stated, in reference to the expert's examination, "The Defendant still has and may invoke . . . the right to remain silent. Any statements made by the Defendant during said evaluation may be used against her in the prosecution of [this] case. In the event the Defendant invokes her right to remain silent, the Court will not allow said Defendant to pursue or introduce any evidence relative to the defense of insanity at the time of the alleged offense." The court explicitly based its order on OCGA § 17-7-130.1.

When Motes subsequently invoked her right to remain silent and refused to talk to the court's expert, the court issued an interlocutory order forbidding Motes from raising the issue of insanity at trial, and barring the introduction of any evidence relating to that issue at trial. The court based its order upon the premise that an insanity plea constitutes a waiver of Fifth Amendment rights, and that any invocation of the right to remain silent constitutes a waiver of the right to present an insanity defense. In other words, believing the right to remain silent and an insanity defense to be irreconcilably in conflict, the court ruled that Motes would have to choose one of the two options and totally forego the other option.

1. OCGA § 17-7-130.1 requires the trial court, upon notice by the defendant that she intends to pursue an insanity defense, to appoint an independent psychiatrist or licensed psychologist to examine the

defendant. The statute states that the court's expert "shall" testify following the presentation of evidence by the state and the defense. The statute provides for cross-examination of the court's expert by the state and the defense.

OCGA § 17-7-130.1 does not provide for sanctions against a defendant who refuses to cooperate with the court's expert. The statute simply provides authority for the *court* to call a witness, and for that witness to have limited discovery. OCGA § 16-3-2 and OCGA § 16-3-3 provide the authority for any defendant to assert an insanity defense, and we find nothing in OCGA § 17-7-130.1 which limits that authority.

2. The United States Supreme Court, in *Estelle v. Smith*, 451 U. S. 454 (101 SC 1866, 68 LE2d 359) (1981), held that a defendant who introduces expert psychiatric testimony in support of an insanity defense, waives his right to remain silent to the extent that he must make himself available to the state's psychiatric expert for examination. This limited waiver of a defendant's fifth amendment rights simply amounts to a determination that if a defendant wants to tell his story to a jury through the mouth of an expert, the state should have an equal opportunity to tell that story through the mouth of an expert, and that the state could not practically possess this opportunity unless their expert gained access to the defendant. *Estelle* in no way holds that the assertion of an insanity defense will result automatically in the absolute waiver of the right to remain silent.

For the purposes of this appeal, we must accept Motes' assertion that she intends to pursue the insanity defense without the aid of expert testimony. An insanity defense after all, unlike a medical malpractice claim, does not require expert testimony as a prerequisite for presentation to a jury. In a situation such as this case, thus, we have no waiver of the right to remain silent under *Estelle*, or under any other authority before the court. See *Ingram v. State*, 253 Ga. 622, 636 (323 SE2d 801) (1984).

One can certainly imagine a situation where an insanity defense and a defense on the merits might be compatible. Suppose that the police discover a young woman, incoherent and babbling on about Satan, holding a recently fired pistol and standing over the body of an old woman who has been shot five times and fatally wounded. The young woman apparently has neglected to take the medication required to control a mental problem that haunts her from day to day. No connection between the young woman and the old woman can be found, however, and the young woman's hands show no sign of gunshot residue, even though the pistol in her hand, which fired the type of bullets which killed the older woman, produced enormous amounts of residue when test fired.

The young woman is indicted for the murder of the old woman.

Although much physical evidence points towards her as the culprit, there are also many peculiarities in the case which could easily produce a reasonable doubt in the minds of the jurors if handled properly. The young woman's mental history, her failure to take her medication, and her apparent mental state at the time of her apprehension also make out a strong case for a potential verdict of not guilty by reason of insanity.

Would the United States Constitution, the Georgia Constitution, or OCGA § 17-7-130.1 require the young woman to choose, prior to trial, whether she intended to pursue a defense on the merits or the affirmative defense of insanity as her only defense? Such a proposition would shock the conscience. If the defendant wants to introduce expert testimony, then the state must be allowed the same privilege and the defendant must cooperate, in light of her partial waiver of the right to remain silent. *Ingram*, supra. If the defendant chooses to prove insanity by means other than expert testimony, as in this case, the partial waiver does not arise, and the case may proceed as any other, the defendant choosing whether or not to talk to the court-appointed expert.

3. As this case presently stands, thus, the trial court should not have ruled Motes' right to remain silent in conflict with her right to raise an insanity defense. The court, accordingly, should not have forbade Motes' use of the insanity defense.

*Judgment reversed. Marshall, C. J., Clarke, P. J., Smith, Gregory, Weltner, Bell, JJ., and Judge Phillip Sheffield concur. Hunt, J., disqualified.*

DECIDED MARCH 9, 1987 —
RECONSIDERATION DENIED MARCH 24, 1987.

*Cowart & Varner, Edwin S. Varner, Jr., Keith H. Salmon,* for appellant.

*G. Theron Finlayson, District Attorney, George R. Christian, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.