## S90A1425. TOLBERT v. THE STATE.
(397 SE2d 439)

WELTNER, Justice.

1. (a) John Tolbert was indicted for malice murder, felony murder, aggravated assault, possession of a firearm during the commission of a crime, and escape. Prior to his indictment, the trial court, under authority of Uniform Superior Court Rule 31.5, ordered a mental evaluation. The report of a psychiatrist at Central State Hospital stated that Tolbert had been under the influence of a delusional compulsion at the time of the incidents here involved. Two days before his indictment, Tolbert filed a notice of intent to raise the defense of insanity. On the date of the indictment, the state moved for a psychiatric evaluation. The trial court — after finding that the requirements of OCGA § 17-7-130.1 had been met and that it was not necessary to appoint an independent psychiatrist or psychologist — ordered that the state might require Tolbert to be examined by a psychiatrist of its choice. We granted interlocutory review.

(b) Tolbert contends that he had complied with a state-requested psychological evaluation, which was performed by the state's expert; that the results of the first evaluation were exculpatory; and that he may not be compelled to undergo a second mental evaluation at the behest of the state.

2. (a) "Whether to grant the motion [for a second psychiatric examination] was in the discretion of the trial court . . . [cit.]." *Smith v. State,* 245 Ga. 44, 46 (2) (262 SE2d 806) (1980). That determination "will not be overturned unless an abuse of discretion is shown. [Cit.]" *Cunningham v. State,* 248 Ga. 558, 560 (4) (284 SE2d 390) (1981).

(b) When Tolbert filed notice of his insanity defense, the court was required under the terms of OCGA § 17-7-130.1 to appoint "at least one psychiatrist or licensed psychologist to examine the defendant and to testify at the trial." A court-appointed medical expert cannot be classified as an agent of the state, but must be considered as an independent and impartial witness. The same rule applies to a medical expert, appointed prior to indictment, whose professional opinion might be needed so that the court is enabled to fashion a proper disposition of matters before it. See, e.g., *Motes v. State*, 256 Ga. 831 (353 SE2d 348) (1987):

> [I]f a defendant wants to tell his story to a jury through the mouth of an expert, the state should have an equal opportunity to tell that story through the mouth of an expert. . . . [Id. at 832.]

3. (a) A contrary rule would make the opinion of a single medical expert witness determinative of the issue raised by the insanity defense. That would be contrary to the clear legislative intent of § 17-7-130.1,[1] which is that the factfinder should resolve the issue of sanity based upon the evidence before it, including expert testimony.

(b) The trial court did not err in ordering a second evaluation of the defendant.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 8, 1990.

*Daniel J. Sammons,* for appellant.
*C. Andrew Fuller, District Attorney,* for appellee.

---

[1] At the trial of a criminal case in which the defendant intends to interpose the defense of insanity, evidence may be introduced to prove the defendant's sanity or insanity at the time at which he is alleged to have committed the offense charged in the indictment or information. When notice of an insanity defense is filed, the court shall appoint at least one psychiatrist or licensed psychologist to examine the defendant and to testify at the trial. This testimony shall follow the presentation of the evidence for the prosecution and for the defense, including testimony of *any* medical experts employed by the state or by the defense. . . . [Emphasis supplied.] [OCGA § 17-7-130.1.]