S02A1895. ROEBUCK v. THE STATE.
(575 SE2d 895)

SEARS, Presiding Justice.

Appellant Douglas Roebuck appeals his convictions for malice murder and related crimes,[1] claiming his custodial statement should

---

[1] The crimes occurred on January 12, 2001, and appellant was indicted on August 22,

not have been admitted into evidence at trial. Having reviewed the record, we conclude that appellant's post-arrest statement to police was voluntary and that he did not unambiguously and unequivocally invoke his right to counsel during interrogation. Accordingly, we affirm.

The evidence of record shows that appellant and his codefendants Gray, Adams and Silvers lived in Anderson, South Carolina. They had previously supplied prostitutes to a group of Mexican men who lived and worked in Hart County, Georgia. On January 12, 2001, the four codefendants, along with appellant's brother, met at appellant's home. Armed with guns, the four codefendants drove to a mobile home in Hart County where six Mexican men were playing cards. Codefendant Silvers waited in the car, and codefendant Adams stood lookout, while codefendant Gray and appellant burst into the mobile home, wearing masks and wielding guns, and demanded money from the occupants. Three men were shot and wounded inside the trailer. Another man, Jorge Hernandez, stood outside and was shot and killed by appellant as he exited the trailer.

Appellant's trial was severed from those of his codefendants, with appellant's consent. Codefendant Adams pled guilty to voluntary manslaughter and testified that he saw appellant shoot the victim outside the trailer, and saw the victim fall to the ground. Appellant's brother, who remained behind in South Carolina, testified that after the crimes, codefendant Gray told him that the foursome invaded the trailer to steal money and had "merked [i.e., killed] a couple of Mexicans." The men inside the trailer told police that even though the intruders wore masks, they recognized them from their voices as the men who had previously brought prostitutes to the mobile home.

1. Appellant urges that the trial court erred in admitting his recorded custodial statement into evidence because he was not properly advised of his rights under *Miranda v. Arizona*[2] and also asserted his right to counsel during interrogation. Before trial, a *Jackson v. Denno*[3] hearing was held to determine the admissibility of appellant's statement. At the hearing, two investigating officers tes-

---

2001. Trial was held on April 1-4, 2002, and appellant was found guilty of all charges. He received a life sentence for malice murder, a consecutive life sentence for armed robbery, two concurrent twenty-year sentences for armed robbery, seven concurrent twenty-year sentences for aggravated assault, and one concurrent twenty-year sentence for burglary. All other convictions were merged by operation of law. A new trial motion was filed on April 24, 2002, and denied on August 12, 2002. A notice of appeal was filed on August 13, 2002, the appeal was docketed on August 26, 2002, and submitted for decision without oral argument on October 21, 2002.

[2] 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[3] 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

tified that before questioning appellant, they advised him of his *Miranda* rights by reading from a pre-printed card, and appellant stated he understood the rights. After approximately 35 minutes of questioning, appellant agreed to make a tape recording of his statement. At the beginning of the recording, an investigator asked appellant, "When we sat down, I told you who I was and I read to you from a little card that you had a right not to talk to me if you didn't want to. Is that right?" Appellant replied, "That's right."

Having reviewed the record, we conclude the trial court did not err in finding that appellant's custodial statement was freely and voluntarily given. While appellant claimed at the *Jackson v. Denno* hearing that he was not fully advised of his *Miranda* rights, the trial court was authorized to believe the investigators' testimony that *Miranda* warnings were read to, and understood by, appellant before questioning began.[4] Likewise, the trial court was authorized to give credence to the investigators' testimony that appellant was not coerced or intimidated during interrogation, and to reject appellant's claim to the contrary. The fact that appellant was not readvised of his *Miranda* rights before making the tape recording did not render the statement inadmissible. The recording was made approximately 35 minutes after interrogation began and appellant was reminded by investigators that he previously had been advised of his rights.[5]

Evidence was presented at the *Jackson v. Denno* hearing that after initial questioning began, appellant said he "probably should wait on [his] attorney," but because that would take too long, he wanted to "go ahead and tell" investigators about the crimes. At that point, questioning stopped momentarily and investigators told appellant he had the right not to say anything else and asked appellant if he wanted to continue talking or wanted to wait until after his attorney arrived. Appellant replied that he wanted to go ahead and talk to investigators, and questioning resumed. This evidence did not establish that appellant made an unambiguous and unequivocal request for counsel, thereby requiring a halt to all questioning until an attorney was made available or until appellant reinitiated the conversation.[6] It follows that the trial court did not err in admitting appellant's recorded custodial statement into evidence at trial.

2. Having reviewed the evidence, including appellant's custodial statement, in a light most favorable to the jury's verdicts, we con-

---

[4] *Grier v. State*, 273 Ga. 363, 365 (541 SE2d 369) (2001).

[5] *Sutton v. State*, 264 Ga. 222, 223 (443 SE2d 481) (1994).

[6] *Taylor v. State*, 274 Ga. 269, 271-272 (553 SE2d 598) (2001). Moreover, even though not required under our case law, the evidence indicates that in response to appellant's ambiguous, equivocal request for counsel, investigators asked questions in order to clarify whether he wanted a lawyer before questioning resumed. See *Carroll v. State*, 275 Ga. 160, 162 (563 SE2d 125) (2002) (Sears, P. J., concurring).

clude it was sufficient to enable rational triers of fact to find appellant guilty of the crimes for which he was convicted and sentenced.[7]
*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 27, 2003.

*Graham Law Firm, Daniel J. Cahill, Jr.,* for appellant.
*Robert W. Lavender, District Attorney, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General,* for appellee.

---

[7] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).