## S03A1362. WILSON v. THE STATE.
### (591 SE2d 812)

FLETCHER, Chief Justice.

A jury convicted Michael Anthony Wilson of malice murder and possession of a firearm in the commission of a felony in the shooting death of John Barker, Jr.[1] Wilson appeals, contending that his trial counsel was ineffective. Because the record does not support Wilson's allegations of deficient performance or prejudice, we affirm.

1. The evidence at trial showed that Wilson got a ride home in the victim's taxicab. When the victim arrived at Wilson's apartment complex, Wilson did not have enough money to pay the fare. When the victim threatened to call the police and began reaching for the glove compartment, Wilson fatally shot him. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that any rational trier of fact could have found Wilson guilty beyond a reasonable doubt of the crimes for which he was convicted.[2]

2. Wilson raises seven enumerations of error alleging ineffective assistance of counsel: counsel failed to impeach three witnesses with prior inconsistent statements, failed to file a timely motion to suppress the murder weapon, failed to request a change of venue, failed to seek sequestration of the jurors, and failed to hire a gunshot residue expert. To establish a claim of ineffective assistance of counsel at trial, a defendant must show that the attorney's performance was deficient and that the deficient performance prejudiced the defense.[3] We accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.[4]

After a review of the record, we conclude that trial counsel's performance was not deficient in the ways alleged. He conducted a thorough cross-examination of the State's witnesses, including using prior inconsistent statements to impeach; he had no reasonable grounds for seeking a change of venue or sequestration of the jurors;

---

[1] The crimes occurred April 2, 2001. A grand jury indicted Wilson on June 21, 2001 for malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a felony. A jury convicted Wilson on all counts on March 14, 2002. The trial court sentenced Wilson to life imprisonment for malice murder and a consecutive five year term for the possession charge. The felony murder conviction was vacated by operation of law and the aggravated assault conviction merged with the malice murder conviction as a matter of fact. Wilson filed a motion for new trial on March 29, 2002. Following a hearing, the trial court denied the motion on March 11, 2003. Wilson filed a notice of appeal on April 7, 2003. The case was docketed in this Court on June 2, 2003 and submitted for decision without oral argument on July 28, 2003.

[2] *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

[4] *Suggs v. State*, 272 Ga. 85, 88 (526 SE2d 347) (2000).

and he had no reasonable basis for believing that an expert would be able to testify as Wilson wished. Finally, the fact that the motion to suppress the murder weapon was untimely did not prejudice Wilson, because at trial, the trial court considered the merits of the motion and denied it on substantive grounds.

3. Wilson contends that the State engaged in prosecutorial misconduct in paying one of its witnesses. It is not improper, however, for the State to offer and pay monetary rewards for information leading to the arrest and conviction of persons who commit felonies.[5] The State properly disclosed that one witness received a $300 reward for information[6] and Wilson cross-examined this witness regarding this fact.

4. Wilson's allegations that the police threatened witnesses to inculpate Wilson are wholly unsupported in the record and offer no basis for reversal.

5. The trial court did not commit error in permitting one witness to be impeached by reading from the transcript of a previous statement. This procedure is a proper method of impeachment.[7]

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 12, 2004.

*Mark J. Nathan*, for appellant.

*Spencer Lawton, Jr., District Attorney, Jon Hope, Assistant District Attorney, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.

---

[5] See OCGA § 45-12-35 (authorizing payment of reward for "detection or apprehension of the perpetrator of any felony").

[6] See *Myers v. State*, 97 Ga. 76, 78-79 (25 SE 252) (1895) (evidence of award is circumstance to be considered as affecting credibility of witness).

[7] Paul S. Milich, *Georgia Rules of Evidence* § 14.3 at 254 (2nd ed. 2002).