## S04A0800. SILVERS v. THE STATE.
(597 SE2d 373)

CARLEY, Justice.

Mark Wayne Silvers and three others were jointly indicted for commission of the following crimes: malice murder; three alternative counts of felony murder; four counts of armed robbery; eight counts of aggravated assault; and, burglary. Silvers was tried separately, and the jury found him guilty on all counts. Determining that the verdicts on the alternative felony murder counts were vacated by operation of law and applying the principles of merger to the remaining counts, the trial court entered judgments of conviction for malice murder, three counts of armed robbery, seven counts of aggravated assault, and burglary. Silvers was sentenced to life imprisonment for murder and for one of the armed robberies, and he received sentences of 20 years' imprisonment for the remaining offenses. He filed a motion for new trial, which the trial court denied. Silvers now appeals to this Court.[1]

1. Silvers used his car to transport the other three named in the indictment to and from the scene of the crimes. He waited in the vehicle while two of them donned masks, entered the victims' trailer, fired shots and demanded money. Three of the eight occupants of the trailer were robbed of money and four were shot, one of them fatally.

---

[1] The crimes were committed on January 12, 2001. The grand jury indicted Silvers and the other three alleged co-conspirators on August 8, 2001. The jury returned the guilty verdicts on April 10, 2002, and the trial court entered judgments of conviction and sentenced Silvers on the following day. On April 18, 2002, Silvers filed a motion for new trial, which the trial court denied on December 2, 2003. Silvers filed a notice of appeal on December 31, 2003, and the case was docketed in this Court on January 15, 2004. The appeal was submitted for decision on March 8, 2004.

After his arrest, Silvers wrote a letter to the sheriff in which he claimed that he was forced to participate, and that the others had threatened him and his family. However, one of the three alleged co-conspirators was a witness for the prosecution, and he testified that Silvers was a willing participant in the events. When construed most strongly in support of the verdicts, the evidence is sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt of Silvers' guilt as a party to all the crimes with which he was charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Simpson v. State*, 265 Ga. 665 (461 SE2d 210) (1995).

2. Initially, Silvers was represented by appointed counsel. Subsequently, he retained an attorney to defend him. He urges that both lawyers failed to provide him with effective legal assistance. To prevail on this claim, Silvers must show that either attorney's performance was deficient and that, but for that deficient representation, there is a reasonable probability that the proceeding would have ended differently. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). In making this showing, he must overcome the strong presumption that the lawyers' efforts on his behalf fall within the broad range of reasonable professional conduct. *Jackson v. State*, 277 Ga. 592, 593 (2) (592 SE2d 834) (2004). After conducting an evidentiary hearing, the trial court found that Silvers failed to make the requisite showing. We must accept the trial court's factual findings and credibility determinations unless they are clearly erroneous, but we apply the appropriate legal principles to the facts independently. *Wilson v. State*, 277 Ga. 485 (2) (591 SE2d 812) (2004).

(a) With regard to the appointed attorney, the allegations of deficient performance relate to the failure to file a demurrer challenging certain counts of the indictment. See *Youngblood v. State*, 253 Ga. App. 327, 328 (3) (558 SE2d 854) (2002). According to Silvers, the armed robbery counts, which alleged that he intended to commit theft by taking the victims' money "by use of an offensive weapon, to wit: a firearm," are void because neither the specific type of gun nor the caliber of the weapon was set forth. However, such specificity in describing the weapon used to perpetrate an armed robbery is not required. That crime can be committed by the use of an offensive weapon to accomplish the theft, and the indictment sufficiently charges Silvers with commission of the offense in that manner. See *Battle v. Williams*, 268 Ga. 35 (1) (485 SE2d 204) (1997). Thus, there is no merit in the assertion that counsel was deficient for failing to challenge void armed robbery counts. Compare *Youngblood v. State*, supra.

Silvers also contends that the aggravated assault counts are void and subject to a demurrer, because they do not allege that those crimes were committed with a deadly weapon or an instrument

which, when used offensively, resulted in or was likely to result in serious bodily injury. According to the indictment, the aggravated assaults were perpetrated "with a firearm, by shooting" the victims. "The term 'shooting' is not susceptible of an overly broad interpretation. It clearly denotes the use of a deadly weapon. [Cits.]" *Rushin v. State*, 180 Ga. App. 276 (1) (348 SE2d 910) (1986). Thus, those counts would not have been subject to a demurrer, even if the appointed attorney had filed one. Compare *Smith v. Hardrick*, 266 Ga. 54 (464 SE2d 198) (1995) (aggravated assault by use of hands, which, unlike guns, are not per se deadly weapons); *Youngblood v. State*, supra.

(b) The record shows that Silvers' retained lawyer consulted with him on numerous occasions, thoroughly investigated the case and was fully prepared for trial. Although he did not visit the scene of the crimes and did not hire an expert, neither action was material to an effective presentation of his client's coercion defense. The attorney is further alleged to have failed to interview and call several potential exculpatory witnesses, but Silvers did not make a proper proffer of their testimony at the evidentiary hearing. *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995). Moreover, such showing as he did make demonstrates that they could not give admissible testimony, in that they lacked personal knowledge of any material exculpatory fact and could only recount inadmissible hearsay.

Silvers also urges that he did not authorize trial counsel to waive his presence at the pre-trial *Jackson-Denno* hearing held to determine the admissibility of his custodial statement to officers. In that statement, Silvers admitted that he transported the other three alleged co-conspirators to and from the scene, but claimed that he did so only because he was coerced by threats against himself and his family. In that regard, it was completely consistent with the letter that Silvers voluntarily wrote to the sheriff and which was admitted at trial. Thus, the *Jackson-Denno* hearing did not result in the admission of any evidence which harmed Silvers. If anything, his oral statement to the officers corroborated and bolstered the exculpatory letter that he sent to the sheriff. Under the circumstances, Silvers has not shown that, but for the lawyer's unauthorized waiver of his presence, the outcome of the trial could have been different. See *Byrd v. State*, 274 Ga. 58, 60 (2) (548 SE2d 2) (2001).

3. Douglas Roebuck, one of the three others jointly indicted for the crimes, was tried and convicted before Silvers was brought to trial. See *Roebuck v. State*, 276 Ga. 136 (575 SE2d 895) (2003). Roebuck did not testify at Silvers' trial, but he did appear at the hearing on Silvers' motion for new trial. In his testimony in that proceeding, Roebuck exonerated Silvers and corroborated the claim that he had been threatened. Silvers urges that Roebuck's testimony is newly discovered evidence requiring the grant of a new trial.

There is no newly discovered evidence. All that has changed is Roebuck's decision to testify on Silvers' behalf. " '[T]he once-unavailable defendant who now seeks to exculpate his co-defendant lacks credibility, since he has nothing to lose by testifying untruthfully regarding the alleged innocence of the defendant seeking a retrial.' [Cit.]" *Hester v. State*, 219 Ga. App. 256, 257 (1) (465 SE2d 288) (1995). In addition to lacking credibility, Roebuck's testimony is cumulative of the exculpatory evidence which was presented at Silvers' trial, and is merely impeaching of the inculpatory testimony of the co-conspirator who was a witness for the prosecution. Under these circumstances, a new trial on the ground of newly discovered evidence was not authorized. *Bryant v. State*, 274 Ga. 798, 800 (3) (560 SE2d 23) (2002).

4. Silvers contends that the aggravated assaults merged into the armed robberies and that, consequently, the trial court should have sentenced him only for the armed robberies. "[A]ggravated assault is not a lesser included offense of armed robbery as a matter of law, and the two offenses rarely merge as a matter of fact. [Cits.]" *Lowery v. State*, 209 Ga. App. 5, 8 (4) (432 SE2d 576) (1993). The indictment alleged that the aggravated assaults were committed "with a firearm, by shooting" the victims. The armed robbery counts alleged the "use of an offensive weapon, to wit: a firearm."

> Thus, the aggravated assault charge[s were] based upon an actual firing of the weapon, but the armed robbery charge[s were] not. [Those] charge[s were] based only upon [the] use of the weapon to commit the robber[ies]. . . . Under these circumstances, the subsequent firing of the weapon was a separate act of violence from the initial pointing of the weapon at the victim[s]. [Cits.] Thus, the aggravated assault[s were] not included in the armed robber[ies] as a matter of fact, and the evidence fully authorized . . . separate conviction[s] and sentence[s] for the latter offense[s].

*Taylor v. State*, 275 Ga. 461, 462-463 (1) (569 SE2d 520) (2002). *Judgments affirmed. All the Justices concur.*

DECIDED JUNE 7, 2004.

*Ramon J. Fajardo*, for appellant.
*Robert W. Lavender, District Attorney, Thurbert E. Baker, Attorney General, Raina Nadler, Assistant Attorney General*, for appellee.