## S06A0774. PEREZ v. THE STATE.
(637 SE2d 30)

THOMPSON, Justice.

Defendant Alvaro Antonio Perez was convicted of malice murder, aggravated assault and possession of a knife during the commission of a felony.[1] On appeal, he asserts trial counsel was ineffective because he selected a counselor, instead of a psychologist or psychiatrist, to testify at trial in support of his insanity defense. He also asserts that the aggravated assault conviction should be vacated because it merged with the conviction for malice murder. We do not find ineffective assistance of counsel. We do find, however, that the evidence was insufficient to prove Perez guilty of aggravated assault beyond a reasonable doubt.

Perez became romantically involved with Nidia Laverde in the fall of 2000; the couple planned to be married in February 2001. However, Laverde became unhappy with Perez and called off the wedding. On February 27, 2001, Perez went to Laverde's house. He argued with Laverde, took a knife from the kitchen, and fatally stabbed her. Fleeing the scene in Laverde's car, which he wrecked a short distance away, Perez went to a nearby department store where he purchased, and changed into, a new set of clothes. Perez then went to a bar, quaffed six beers, and called 911, reporting that he had just killed Laverde.

The police apprehended Perez and took him to Laverde's house. They found Laverde's body with a five-inch knife blade embedded in her neck, just above the sternum. She also had other stab wounds on her neck and chest, some of which were made by another knife recovered from the scene.

Perez was taken to the police station, where he gave a videotaped statement. In the statement, Perez told police that Laverde had informed him that she was breaking off the relationship and getting back together with her ex-husband; and that she eventually slapped Perez and called him "stupid." Perez added that he remembered getting a knife from the kitchen, and seeing Laverde bleeding, but he did not remember killing her.

---

[1] The crimes occurred on February 27, 2001. Perez was indicted on September 6, 2001, and charged with murder, two counts of felony murder, aggravated assault, and two counts of possession of a knife during the commission of a felony. Trial commenced on May 5, 2003. The jury returned its verdict on May 8, 2003, finding Perez guilty on all counts. The trial court sentenced Perez to life for malice murder, twenty years (consecutive) for aggravated assault, and five years (consecutive) for possession of a knife during the commission of a felony. The remaining counts were vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369 (434 SE2d 479) (1993). Perez filed a timely motion for new trial which was denied on October 5, 2005. Perez filed a notice of appeal on October 27, 2005. The case was docketed in this Court on January 5, 2006, and submitted for a decision on the briefs on February 27, 2006.

An examination of the victim's body revealed that she suffered three wounds to the neck: two shallow wounds and one deep, five-inch wound above the sternum which pierced her aorta and caused her death. She also suffered eight superficial wounds to the chest. It appears that the neck wounds were made by a five-inch blade, which lodged in the victim, and that the chest wounds were made by a knife with a small forked tip. These wounds consisted of two points, "with skin in between them that had not been injured."

At trial, the medical examiner opined that the neck wounds were inflicted first; that the fatal wound rendered the victim unconscious within ten or fifteen seconds; and that the victim bled to death a few minutes later. He added that the neck wounds and chest wounds were probably made at separate times. In this regard, he surmised that the superficial chest wounds may have been inflicted after the neck wounds to probe the victim to determine if she was dead.

1. Defendant asserts that trial counsel was ineffective because he relied on the testimony of Nancy Ann Manley, Ed. D., a licensed professional counselor, to carry the day with regard to defendant's insanity defense. In this regard, defendant posits that he would have been able to convince the jury that he was insane if defense counsel had sought the expertise of a licensed psychologist or psychiatrist.

To prevail on a claim of ineffective assistance of trial counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), a defendant must show that counsel's "performance was deficient and that, but for that deficient representation, there is a reasonable probability that the proceeding would have ended differently. [Cit.]" *Silvers v. State*, 278 Ga. 45, 46 (2) (597 SE2d 373) (2004). To meet this burden, a defendant must overcome the strong presumption that his counsel's representation fell within the wide range of reasonable professional conduct. Id. Defendant cannot overcome that presumption. First of all, an insanity defense does not require the expert testimony of a psychologist or psychiatrist. See *Motes v. State*, 256 Ga. 831, 832 (353 SE2d 348) (1987) (insanity defense does not require expert testimony for presentation to a jury). Second, it was shown that, prior to this case, Dr. Manley had conducted forensic evaluations, sometimes at the request of a court, more than twenty-five times; and she had been qualified as an expert in forensic counseling between eight and ten times. Thus, it cannot be said that defense counsel was deficient simply because he presented an insanity defense via a licensed professional counselor instead of a psychologist or psychiatrist.

2. In *Williams v. State*, 279 Ga. 154 (611 SE2d 19) (2005), the victim was found with a four-inch knife blade lodged in her neck. She also suffered small incised wounds on her forehead and neck, and pinpoint defensive wounds on one hand. Williams was convicted of

malice murder and aggravated assault. On appeal, we vacated the aggravated assault conviction, finding that the same evidence was used to prove malice murder and aggravated assault.

Perez asserts that, as in *Williams*, the aggravated assault conviction should be vacated because it merged as a matter of fact with the malice murder conviction. On the other hand, the State argues that the evidence established two separate and complete crimes and that the first crime (malice murder) was completed when the second (aggravated assault) was perpetrated upon the victim. See *Farley v. State*, 277 Ga. 622, 623 (2) (593 SE2d 328) (2004); *Stockford v. State*, 276 Ga. 241, 243 (3) (575 SE2d 889) (2003). However, we need not resolve this issue because it is clear that the evidence is insufficient to find Perez guilty beyond a reasonable doubt of aggravated assault. Simply put, the evidence does not prove that Perez intended to violently injure the victim when he probed her, or that the victim, who was unconscious if not dead at that time, was placed in reasonable apprehension of being violently injured. See *Gamble v. State*, 235 Ga. App. 777, 780 (3) (510 SE2d 69) (1998) (citing *Smith v. Hardrick*, 266 Ga. 54, 56 (464 SE2d 198) (1995)). See also OCGA §§ 16-5-20 (a); 16-5-21 (a).

3. The evidence was sufficient to enable any rational trier of fact to find Perez guilty beyond a reasonable doubt of malice murder and possession of a knife in the commission of a felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). However, the evidence was insufficient to find Perez guilty beyond a reasonable doubt of aggravated assault.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED OCTOBER 30, 2006.

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer*, for appellant.

*Daniel J. Porter, District Attorney, Thurbert E. Baker, Attorney General, Edwina M. Watkins, Assistant Attorney General*, for appellee.