## S07A0724. JOHNSON v. THE STATE.
### (646 SE2d 216)

THOMPSON, Justice.

A jury convicted Gary Alonzo Johnson of murder and aggravated assault following the shooting death of his wife, McCine Brown Johnson.[1] On appeal, Johnson asserts that he was denied constitutionally effective assistance of trial counsel, and that the trial court erred in excluding from evidence Johnson's videotaped custodial statement which would have demonstrated his mental state in support of the defense theory of voluntary manslaughter. Finding no error, we affirm.

Gary Johnson called 911 and calmly notified the police dispatcher that he shot his wife, McCine, and he described his location. The police arrived at that location to find Johnson standing behind a vehicle speaking on a cell phone; his demeanor was calm and cooperative. The deceased victim was in the driver's seat of the vehicle. She had been shot a minimum of five times and died as a result of multiple gunshot wounds to the upper extremities and the torso. Johnson led officers to the murder weapon which he had concealed nearby.

In the weeks prior to the shooting, Johnson told his adult daughter that he believed McCine was having an affair and that he had followed her to confirm those beliefs. Johnson also acknowledged

---

[1] The crimes were committed on March 3, 2005. A grand jury indicted Johnson on May 23, 2005, charging him with malice murder, felony murder while in commission of an aggravated assault, and aggravated assault. Trial commenced on February 16, 2006, and a jury found Johnson guilty as charged on March 2, 2006. The trial court sentenced Johnson the same day to life imprisonment. A timely filed motion for new trial was denied on November 28, 2006. A notice of appeal was filed on December 19, 2006. The case was docketed in this Court on January 30, 2007, and was submitted for a decision on briefs on March 26, 2007.

to his daughter that he would do something "he would regret and suffer the consequences later." McCine confided in a close friend that Johnson was controlling, that they had been fighting, and that he had been following her. In the days leading up to the shooting, McCine told this friend that she wanted a divorce and she feared that Johnson was going to kill her.

Johnson testified on his own behalf at trial and claimed that on the day of the shooting, he and McCine had driven to the grocery store together and that an argument ensued in the car. It was then that McCine disclosed she had been having an affair. Upon learning that, Johnson became enraged, took a loaded handgun from the glove compartment, and shot his wife repeatedly. Although Johnson testified on direct that there had been no prior difficulties between them and that McCine's admission came as a complete surprise to him, on cross-examination he admitted that they had been experiencing marital problems, that she had been lying about her whereabouts, that he had followed her on occasion, and that they had been sleeping in separate bedrooms for months.

1. The evidence was sufficient to authorize a rational trier of fact to conclude that Johnson was guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Johnson submits that the trial court erred in denying his claim of ineffective assistance of trial counsel because his attorney failed to call as a witness Kathy Werts, a close family friend who could have rebutted the State's evidence that Johnson was controlling, and had this testimony been offered, the jury may have been inclined to convict on the lesser offense of voluntary manslaughter.

> To prevail on a claim of ineffective assistance of trial counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), a defendant must show that counsel's "performance was deficient and that, but for that deficient representation, there is a reasonable probability that the proceeding would have ended differently. [Cit.]" *Silvers v. State*, 278 Ga. 45, 46 (2) (597 SE2d 373) (2004). To meet this burden, a defendant must overcome the strong presumption that his counsel's representation fell within the wide range of reasonable professional conduct. Id.

*Perez v. State*, 281 Ga. 175, 176 (1) (637 SE2d 30) (2006).

Werts testified at the hearing on the motion for new trial that several days before the shooting Johnson left her a voice mail message that he had an emergency situation and wanted Werts to pick him up, but she did not retrieve the message until the day of the

shooting and never replied to it. Trial counsel testified that after interviewing Werts he made the tactical decision not to call her as a witness because he believed she could add nothing to the defense, and she might have informed the jury that Johnson suspected his wife's adultery prior to learning about it in the car, which would have diluted his voluntary manslaughter theory. We hold that Johnson has not overcome the presumption that trial counsel's representation fell within the range of reasonable professional conduct, nor has he established the prejudice prong of *Strickland*. See *Perez*, supra at 176 (1).

3. Johnson submits that the court erred in refusing to allow him to introduce his videotaped statement taken at the police station which shows him hitting his head and crying, as such would have supported his voluntary manslaughter defense.

Johnson sought to introduce the evidence in advance of his testimony. The trial court ruled that the evidence could only come in as a prior consistent statement if the defense met the following criteria of *Woodard v. State*, 269 Ga. 317, 320 (2) (496 SE2d 896) (1998): "a witness's prior consistent statement [is] admissible only where (1) the veracity of a witness's trial testimony has been placed in issue at trial; (2) the witness is present at trial; and (3) the witness is available for cross-examination." See also *Powell v. State*, 271 Ga. 575 (2) (522 SE2d 656) (1999); *Sterling v. State*, 267 Ga. 209 (9) (477 SE2d 807) (1996); *Baugh v. State*, 276 Ga. 736, 738 (585 SE2d 616) (2003).

Johnson testified in his own defense at trial; however, he did not again seek to have the videotaped statement admitted into evidence despite the trial court's invitation to consider the admissibility of the evidence subject to the *Woodard* requirements. " 'A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later.' " *Earnest v. State*, 262 Ga. 494, 495 (1) (422 SE2d 188) (1992). Accordingly, this Court holds that Johnson waived his right to raise this issue on appeal by failing to raise it specifically at trial. See generally *Rhode v. State*, 274 Ga. 377 (11) (552 SE2d 855) (2001).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 4, 2007.

*Gerard B. Kleinrock*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Leonora Grant, Assistant District Attorneys, Thurbert E. Baker, Attorney General, David A. Zisook, Assistant Attorney General*, for appellee.