### A08A0352. MITCHELL v. THE STATE.
(663 SE2d 800)

PHIPPS, Judge.

Shanna Mitchell was convicted of first degree forgery based on evidence that she assisted her sister, co-indictee Denise Rucker, in attempting to have a pharmacy fill a fraudulent prescription. In this appeal of her conviction, Mitchell contends that the trial court erred in admitting an alleged confession she made to a criminal investigator, in admitting testimony from the pharmacist concerning prior dealings with her, and in allowing the prosecutor to read from a transcript of Rucker's guilty plea hearing during his cross-examination of Rucker at trial. Finding no merit in any of these claims of error, we affirm.

The pharmacist, Kim Kaminski, testified that on July 10, 2004, a woman later identified as Rucker came to the pharmacy with Mitchell and dropped off a prescription for Lortab and Soma. Kaminski immediately suspected that the prescription was fraudulent, because it was written in the same handwriting and on the same prescription pad as a prior fraudulent prescription.

When Kaminski testified that she recognized Mitchell because of previous dealings with her as a customer, defense counsel objected. At a hearing outside the presence of the jury, defense counsel argued that Kaminski's testimony amounted to similar transaction evidence that was inadmissible because the defense had not been given pretrial notice. The prosecution responded that the witness's testimony was properly categorized as prior difficulty evidence not requiring pretrial notice.[1] The trial court overruled the objection, finding that Kaminski's testimony was admissible res gestae evidence that explained her ability to identify Mitchell.

In the presence of the jury, the prosecutor then asked Kaminski how she recognized Mitchell and what prior dealings she had had with her. Kaminski responded that Mitchell had been a customer. Kaminski explained that while Mitchell and her companion waited for the prescription to be filled, she telephoned the doctor whose name appeared on the prescription and, because he told her that he wanted to press charges, she called the police.

The prosecutor then asked Kaminski whether she had had any previous problems with Mitchell regarding fraudulent prescriptions.

---

[1] See *Wall v. State*, 269 Ga. 506, 507-510 (2) (500 SE2d 904) (1998).

Without objection by the defense, Kaminski testified that Mitchell had been present at the pharmacy and assisted in the filling of at least three prior fraudulent prescriptions by asking questions to distract the pharmacist. When the prosecutor then asked Kaminski about the events on July 10, 2004, she testified that the woman who dropped off the prescription disappeared, that Mitchell remained seated in the waiting area, and that Mitchell later approached the pharmacy to ask about the cost of the prescription and whether it was ready.

In response to Kaminski's call to police, City of Gainesville police sergeant Chris Robinson appeared at the pharmacy and took Mitchell into custody. Soon thereafter, Scott Lilly, a narcotics investigator employed by the Hall County Sheriff's Office, arrived on the scene. After Lilly gave Mitchell *Miranda* warnings, she admitted to him that she had been assisting her sister in attempting to have the fraudulent prescription filled. At a *Jackson v. Denno* hearing held before trial, Mitchell testified that before she spoke to Lilly, Robinson told her that he remembered her and knew that she previously had "taken the charge" for her sister. According to Mitchell, Robinson also said that "you need to tell the truth, you need to tell me where your sister is and you don't need to be taking anymore charges for your sister."

Mitchell's sister, Rucker, testified as a state's witness that she had pled guilty to the forgery with which she and Mitchell were charged. Although Rucker acknowledged that, at the time in question, Mitchell was present with her and her boyfriend at the pharmacy, she denied that Mitchell was involved in the commission of the crime. But in response to questioning by the prosecutor, Rucker acknowledged that she had testified under oath at her guilty plea hearing that Mitchell had been involved.

1. Citing *Porter v. State*,[2] Mitchell claims that her confession to Lilly was inadmissible under OCGA § 24-3-50 because it was induced by a hope of benefit extended by Robinson.

Mitchell argues that when Robinson told her to tell him the truth about her sister's involvement in the crime, she interpreted that as an invitation to absolve herself from criminal responsibility by implicating her sister. And, indeed, that was a reasonable interpretation of what the sergeant had said. But instead of doing that, Mitchell gave a statement to the investigator that implicated both herself and her sister. The trial court was fully authorized to find that Mitchell's statement was not induced by any hope of benefit

---

[2] 143 Ga. App. 640 (2) (239 SE2d 694) (1977) (physical precedent only).

extended by the sergeant.[3] Although Robinson did not appear at the *Jackson v. Denno* hearing, Mitchell testified without objection to her version of what he had told her. This distinguishes *Porter*, where the defendants were effectively precluded from presenting evidence that they had been told that they could expect leniency in return for their honesty if they confessed.[4]

2. In reliance on *Douglas v. Alabama*,[5] Mitchell argues that her right under the Confrontation Clause of the Sixth Amendment to cross-examine witnesses against her was violated when the prosecutor was allowed to read her sister's testimony from the transcript of her guilty plea hearing.

Mitchell's reliance on *Douglas* is misplaced. *Douglas* found a flagrant violation of the defendant's rights under the Confrontation Clause where the prosecutor called an accomplice to the stand and read parts of the accomplice's confession that implicated the defendant, even though the accomplice could not be cross-examined because he had invoked his privilege against self-incrimination and refused to testify.[6] Here, Rucker testified and was cross-examined. And permitting a witness to be impeached by reading from the transcript of a prior inconsistent statement is proper.[7]

3. Mitchell contends that the trial court erred in admitting evidence of prior dealings between herself and the pharmacist as evidence of prior difficulties between the victim and the defendant, thereby dispensing with the pretrial notice requirement under *Wall v. State*,[8] because the pharmacist was not the crime victim.

Initially, the pharmacist testified only that she recognized Mitchell because of prior dealings with her as a customer. The trial court correctly overruled Mitchell's objection to that testimony, as it was neither prior difficulty nor similar transaction evidence but simply the witness's innocuous explanation of her recognition of Mitchell. When the pharmacist later responded to the prosecutor's question as to whether she had any previous difficulties with Mitchell by testifying that Mitchell had been involved in at least three prior attempts to fill fraudulent prescriptions, the defense raised no objection. Therefore, any complaint as to the admission of that testimony has been waived.

---

[3] See generally *Martin v. State*, 271 Ga. 301, 304 (2) (518 SE2d 898) (1999) (unless clearly erroneous, trial court's findings as to factual determinations relating to admissibility of a confession will be upheld on appeal).

[4] See *Porter*, supra at 641.

[5] 380 U. S. 415 (85 SC 1074, 13 LE2d 934) (1965).

[6] See id. at 419-420; *Livingston v. State*, 268 Ga. 205, 211 (4) (486 SE2d 845) (1997); *Price v. State*, 239 Ga. 439, 442 (2) (238 SE2d 24) (1977).

[7] *Wilson v. State*, 277 Ga. 485, 486 (5) (591 SE2d 812) (2004).

[8] Supra.

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 20, 2008.

*Anne L. Watson, Nicki N. Vaughan, W. Andrew Maddox*, for appellant.

*Lee Darragh, District Attorney, Lindsay H. Burton, Assistant District Attorney*, for appellee.