## Richmond

STATE HIGHWAY AND TRANSPORTATION COMMISSIONER OF VIRGINIA

v.

CALVIN T. CANTRELL, ET AL.

March 12, 1982.

Record No. 791385.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson, and Stephenson, JJ., and Harrison, Retired Justice.

*John S. Morris, III, Assistant Attorney General (Marshall Coleman, Attorney General; Walter A. McFarlane, Deputy Attor-*

ney General; Robert B. Altizer; Harris Hart, II; Gillespie, Gillespie & Hart, on briefs), for appellant.

Frederick H. Combs (Jack P. Chambers; Gillespie, Chambers and Combs, on brief), for appellees.

PER CURIAM.

The State Highway and Transportation Commissioner of Virginia appeals an award in favor of Calvin T. and Edith C. Cantrell. The Commissioner contends the trial court erred in limiting the cross-examination of one of the landowners' witnesses.

The Cantrells own a 5.72 acre tract in Russell County, improved by a residence worth approximately $60,000. The Commissioner sought acquisition of 1.3 acres of the tract needed for the improvement of Route 19.

A witness for the Commissioner testified the highest and best use of the landowners' property was residential. He based his opinion both on the character of the neighborhood and on the theory that a landowner would not sell the front portion of a tract for commercial development while retaining the rest for his residence.

York Lindsey, an appraiser called by the landowners, testified the 1.3 acres' highest and best use was commercial. He based his valuation on sales of comparable land in the area. On cross-examination, the Commissioner sought to show that Lindsey, in valuing the 1.3 acres, did not consider the residence situated on the remainder of the tract and that commercial development of the smaller tract would substantially decrease the value of the home. The Commissioner's theory was that this devaluation of the home would be so great as to make commercial development of the 1.3 acres unfeasible. The trial court refused to allow this line of questioning, and we are of opinion this ruling was in error.

The landowners were entitled to compensation for the fair market value of the land taken. Both parties presented expert testimony on the issue. The Commissioner was entitled to examine Lindsey in an effort to determine the factors he considered in reaching his valuation.

We are mindful that the latitude permissible in cross-examination of witnesses is largely within the sound discretion of the trial court. Yet cross-examination on a matter relevant to the litigation and put in issue by an adversary's witness

during a judicial investigation is not a privilege but an absolute right.

*Basham* v. *Terry, Administratrix,* 199 Va. 817, 824, 102 S.E.2d 285, 290 (1958). *See also Norfolk So. R. Co.* v. *Fentress,* 127 Va. 87, 91, 102 S.E. 588, 589 (1920). Here, as in *Basham,* it is not the latitude of questioning about an issue that was restricted. The trial court allowed no cross-examination of Lindsey on a legitimate theory of valuation. This testimony was relevant and its exclusion prejudiced the Commissioner.

Accordingly, the judgment of the trial court will be reversed and the case remanded for a new trial on all issues.

*Reversed and remanded.*