## CIRCUIT COURT OF WARREN COUNTY

Commonwealth Transportation
Commissioner of Virginia

v.

Cogil Corp.

June 8, 2005

Case No. (Law) 04-43

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on the Petitioner's Exception to the Court's permitting the Landowner's appraiser to testify by telephone in the trial of this case. Upon consideration, the Court has decided to deny the Petitioner's Exception.

### I. Statement of Material Facts

The Commissioners returned a report finding that $31,500.00 was the combined value of a .602 acre and a .67 acre fee simple interest taken by the Petitioner from the Respondent. The Petitioner's appraiser testified that the value of the two parcels taken was $3,468.00. The landowner's appraiser, who was ill on the day of the trial, was called by the Court and testified *by telephone* over the Petitioner's objection that the combined value of the two parcels taken was $28,620.00. The Petitioner objected to Ms. Barre's testifying by telephone, stating that there was no statute, Rule of Court, or any other provision which authorized her testimony to be heard at trial by phone. At a post-trial hearing on exceptions filed by the Petitioner, the Court ordered that the parties file memorandums of law addressing this particular issue.

## II. Conclusions of Law

The Sixth Amendment right to confrontation is a *right of criminal defendants*, and it is rooted in the premise that a person should be able to confront and cross-examine the witnesses against him. "There are few subjects, perhaps, upon which this Court and other courts have been more nearly unanimous than in their expressions of belief that the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." *Pointer v. Texas*, 380 U.S. 400, 405 (1965). *See also Douglas v. Alabama*, 380 U.S. 415 (1965); and *Barber v. Page*, 390 U.S. 719, 721 (1968). The Sixth Amendment does not apply to civil cases, but the importance of the right to cross-examine witnesses is vital to ensuring that the parties have a fundamentally fair trial.

All trials present major logistical problems in getting all of the players to court on the day of the trial, and this illustrates the problems with which trial courts are frequently confronted. First, not all of the commissioners who were summoned appeared. Second, the landowner's expert did not appear. In recognition of the logistical problems sometimes presented by actually getting a witness to physically appear at the trial, the General Assembly has expressly granted the court "in any civil proceeding . . . when otherwise authorized by the court . . . [to] conduct any hearing using a telephonic communication system. . . ." Virginia Code § 17.1-513.2. *Black's Law Dictionary* 649 (5th ed. 1979) defines "hearing" as a "proceeding of relative formality (though generally less formal than a trial), generally public, with definite issues of fact or law to be tried, in which witnesses are heard and parties proceeded against have right to be heard, *and is much the same as a trial and may result in final order*." (emphasis added). Except for probation revocation hearings, the same rules of evidence which apply to trials are applied to hearings. This is a remedial statute, and there is nothing in it which expressly precludes its application to a trial, nor is there any statute or constitutional provision which prohibits a court from receiving testimony by telephone in a civil trial. This Court frequently receives telephone testimony without objection. While the procedure was objected to in this case, no objection was made to the Court's swearing of the witness at the trial, which is regularly done when telephonic testimony is received in such cases by the Clerk or the Court; so that specific objection was waived. Even had it not been waived, the witness was sworn by the Court; so her testimony was under oath. The appraiser testified under oath by telephone, which is a permitted procedure. The appraiser was submitted to cross-examination; so there was no abridgement of the Commissioner's right

to cross-examine the witness, and the Commissioner's reliance on *State Highway Comm'r v. Cantrell*, 223 Va. 185, 288 S.E.2d 185 (1982), is misplaced. Rule of Court 4:5(b)(7) permits taking depositions by telephone, and depositions are regularly read into evidence under the rules of court in civil jury trials. *See* Rule of Court 4:7. The procedure employed in this case to receive testimony from a witness who was not physically present in court is not unique to this case, nor did it transgress any substantive right of the Petitioner to a fair trial.

## III. Decision

For the forgoing reasons, it is adjudged and ordered that the Petitioner's Exception to the Court's permitting the Landowner's appraiser to testify at trial by telephone is denied.